Eaton vs. Youngs.

Eaton vs. Youngs.    (Motion.)

*Execution on judgment after death of defendant.*

| 41 | 507 |
| 61 LRA 367n | |
| 61 LRA 369n | |

After the lapse of a year from the death of a judgment debtor, leave to issue execution on the judgment (under sec. 2, ch. 140, R. S.) should not be granted without proof that the heirs and personal representatives have had an opportunity to pay the judgment on demand, and that the debtor died seized of property which has come to their hands, and which is chargeable by law with the payment of his debts.

This was a motion by the plaintiff for leave to issue execution upon a judgment heretofore rendered in this court, and was determined upon written argument.

The substance of the affidavit on which the motion was founded, is stated in the opinion.

*R. P. Eaton*, plaintiff, for the motion.

*Geo. W. Foster*, in opposition to the motion, contended, 1. That there was nothing to show that the judgment was a lien upon any property, and that, indeed, there is no law making a judgment of the supreme court a lien. 2. That no "sufficient cause" was shown for allowing an execution. Since the personal assets are to be first applied to the payment of debts (Tay. Stats., 1221, § 6), a party moving for execution against real estate of the deceased upon which he has a judgment lien, should show that he has such a lien, describing the property, and should also show that application has been made to the administrators, or that there is no personal property. He should also show who is the holder of the property on which a lien is claimed, and should serve notice on such holder. Dayton's Surr., 342, 344; 4 Wait's Pr., 11, and cases there cited, especially 13 Abb., 80; 4 Bouv. Inst., § 3714; 18 N. Y., 412.

LYON, J. From the affidavit upon which the motion is founded, it appears that the appellant recovered judgment in this court against the respondent at the June term, 1874, and that soon thereafter the respondent died, leaving two heirs-at-law, one of whom has been duly appointed administrator of his estate and has duly qualified as such. Notice of this motion was served on such heirs and administrator.

The motion is made under sec. 2, ch. 140, R. S. (Tay. Stats., 1650, § 2). We think no execution should be awarded until the heirs and administrator have an opportunity afforded them to pay the judgment without execution. If they fail to do so on proper demand, it should still be made to appear, before leave to issue execution be granted, that the respondent died seized of property which has come to the hands of his heirs or administrator, and which is chargeable by law with the pay-

ment of the debts of the deceased. No such demand is shown in the present case, and it does not appear that there is any property in the hands of the heirs or administrators which an execution would reach.

The motion must therefore be denied, but with leave to renew it on a proper application.

*By the Court.* — So ordered.