[Filed May 11, 1891.]

# C. A. BARRETT, ADMINISTRATOR, *v.* W. J. FURNISH
## ET AL.

JUDGMENT LIEN—DEATH OF PARTY.—Section 269, Hill's Code, makes a judgment rendered and docketed as therein provided a lien upon all the real property of the defendant within the county or counties where the same is docketed, or which he may afterwards acquire therein during the time an execution might issue thereon, and such lien is not affected or displaced by the death of the party.

LIEN OF JUDGMENT—PARTNERSHIP CREDITOR—EQUITY.—When a partnership creditor has by proceedings at law acquired a judgment, execution, or other lien upon the separate property of one of the partners, or has taken any proceedings whereby at law he has secured the right to appropriate such separate estate to the satisfaction of an obligation incurred by the partnership, equity will not at the instance of any individual creditor of such individual partner wrest such right from the partnership creditor, nor compel him to postpone his proceedings until the individual creditors of the partner whose separate estate has been levied upon have first received satisfaction therefrom.

JUDGMENT—DEATH—EXECUTION.— Under section 281, Hill's Code, an execution may issue on a judgment rendered against a party in his life-time notwithstanding his death at any time after six months from the granting of letters testamentary or of administration, and be levied on any real property of the defendant upon which such judgment was a lien.

Umatilla county: M. D. CLIFFORD, Judge.

Plaintiff appeals.   Affirmed.

The object of this suit is to enjoin the sale of certain real property upon execution owned by John P. Miller in his life-time.   It is alleged that the judgment upon which said execution issued was rendered in the circuit court in favor of one Wm. Noyes and against said John P. Miller, now deceased, and A. B. Robley, formerly partners under the firm name of Miller & Robley, and that said judgment was for a partnership debt; that the plaintiff is administrator of said Miller's estate, and has the same in his possession for the purposes of administration.   It is further alleged that said Miller died siezed of the real property levied upon, and also owned certain individual property of the value of $1,400, and owed individual debts to the amount of $1,400; and also that he owned an undivided half of

XXI OR.— 2.

all the property of Miller & Robley; that at the time of Miller's death the firm of Miller & Robley were indebted in about the sum of $7,000, and that said A. B. Robley was then and is now the owner in fee of certain real estate in Umatilla county; that said partnership estate is in the hands of the administrator of the partnership and in course of administration and is not yet fully administered; that none of the individual debts of Miller have been paid for the reason that all of the personal estate of said Miller is involved in litigation, and the plaintiff is unable to say when the same will be determined, or whether in favor of or against said estate; that the plaintiff does not know what the costs and expenses of the administration of said individual estate will be, nor whether there will be anything left after paying the individual debts and costs and expenses of administration to apply in payment of the partnership debts; that Ida Miller is the widow of said John P. Miller, and one-third part in value of all said real estate has been set apart to her as her dower by the county court; that Noyes' judgment is a first lien upon the real estate of said A. B. Robley; that after satisfying all the individual debts of said Miller out of his estate, if any then remain, it will be applied to the partnership debts, and then a large part of the partnership debts will remain unpaid; that the individual property of said Robley is much less in value than that of said Miller, and that Robley's real estate upon which Noyes' judgment is a first lien is about of the value of $1,000, and that Miller's individual estate is of about the value of $4,000, one-third of which represents the dower of Ida Miller; that Noyes' judgment has never been presented to plaintiff as administrator for approval or rejection. The levy on the property by the sheriff is then alleged, and that the same has been advertised for sale. Various other matters not material to this statement are also alleged.

The defendants demurred to the co-plaint, which being

sustained, and final decree entered dismissing the suit, the plaintiff has appealed.

*W. F. Butcher*, for Appellant.

*J. J. Balleray*, for Respondents.

STRAHAN, C. J.—Several questions were presented on the argument by appellant's counsel, but we will only notice such as we deem material to a proper disposition of this appeal.

In *Bower* v. *Holladay*, 18 Or. 491, this court considered, to some extent, the various sections of the code in relation to the enforcement of a judgment after the death of the defendant which was rendered during his life-time, by execution, and the conclusion was reached that the judgment creditor had the right to his execution at any time after the expiration of six months from the granting of letters testamentary or of administration. Whether the several sections in the code in relation to the presentment to and payment of claims by an executor or administrator and the order of payment in any way affect or modify section 281, Hill's Code, which expressly authorizes the issuance of an execution in such case, though somewhat considered, was not decided; nor in the view we take of this case is it necessary to be decided here, for the reason that the property levied on is real estate upon which the judgment became a lien at the time it was docketed under section 269, Hill's Code; and when such lien attaches it cannot be displaced or affected by the death of the party. The rights of the parties have become fixed by the law and by the entry and docketing of a judgment pursuant to its provisions; and the accidental circumstances that one of the parties dies before satisfaction of the judgment in no manner impairs or affects the party's rights acquired under it, except to defer its enforcement by the execution for six months after the granting of letters testamentary or of administration.

It was insisted by appellants' counsel that the judgment

in this case was against Miller & Robley as partners for a partnership debt, and that therefore an execution could not be levied upon the individual property of one of the partners until the individual debts of such partner were first paid; but this contention could not prevail without displacing the lien acquired by the docketing of the judgment under section 269, *supra.* And this seems to be the effect of the authorities. In a note to *McCulloh* v. *Dashiell's Admr.* 18 Am. Dec. 283, the learned annotator observes: "But we apprehend that a levy and sale under a writ against the members of a co-partnership of the separate property of either member will pass a title paramount in law to any which can be acquired under a subsequent levy upon the same property under a writ to enforce the separate and individual debt of the partner to whom the property belonged as his separate estate; and further, that when a partnership creditor has by proceedings at law acquired a judgment, execution or other lien upon the separate property of one of the partners, or has taken any proceeding whereby at law he has secured the right to appropriate such separate estate to the satisfaction of an obligation incurred by the partnership, equity will not, at the instance of any individual creditor of such individual partner, wrest such right from the partnership creditor nor compel him to postpone his proceedings until the individual creditors of the partner, whose separate estate has been levied upon, have first received satisfaction therefrom." And this proposition is supported by a large number of authorities cited.

No doubt cases may arise presenting such persuasive equities that chancery would interfere for the purpose of controling or preventing an unconscionable use of an execution; but this case is entirely destitute of any such equities, and is wholly wanting in any facts or circumstances authorizing or requiring the interposition of equity. It is the ordinary case of a waiting and indulgent creditor, who, having acquired a prior lien upon all the real property of each of the defendants, is now seeking satisfaction by a

levy upon the real property of one only of such defendants. No reason has been shown why he may not pursue this remedy. Of course, if the entire claim is collected from Miller's property, his administrator will have a claim for contribution which he may enforce against Robley.

This view of the subject disposes of every question necessary to be considered on this appeal and requires an affirmance of the decree appealed from.