[L. A. No. 1893. In Bank.—July 8, 1907.]

## ANNIE DOEHLA, Respondent, v. T. F. PHILLIPS, Appellant.

JUDGMENT FOR MONEY—ENFORCEMENT AFTER FIVE YEARS—SECTION 685 OF CODE OF CIVIL PROCEDURE—APPLICATION TO EXISTING JUDGMENTS.—The amendment of March 9, 1895, to section 685 of the Code of Civil Procedure, authorizing a judgment for the recovery of money to be enforced, by leave of the court, after the lapse of five years from the date of its entry, and providing that nothing in such section shall be construed to revive such a judgment if barred by limitation at the time of the passage of the amendment, is applicable to and authorizes the enforcement after such period of all money judgments rendered at the time of the amendment, and not then barred by the statute of limitations.

ID.—STATUTES OF LIMITATIONS — LEGISLATURE MAY ALTER PERIOD OF LIMITATIONS.—Subject to the restriction that a reasonable time must be allowed for prosecuting a proceeding after the passage of an act establishing or shortening a period of limitation, the legislature has power to establish or alter a period of limitation as to contracts then in force. In such legislation there is no impairment of the obligation of any contract.

ID.—ENFORCEMENT OF JUDGMENT UNDER SECTION 685—NO LIMITATION APPLICABLE THERETO.—The procedure contemplated by section 685 of the Code of Civil Procedure for enforcing a judgment after the lapse of five years after its entry constitutes neither an "action" nor a "special proceeding of a civil nature," within the meaning of those terms as used in the general statute of limitations. It is a mere subsequent step in an action or special proceeding already commenced, and is governed entirely, so far as the time within which the same may be taken is concerned, by the provisions of that section, under which the court is empowered to authorize the issuance of an execution upon a judgment at any time after its entry, the time within which the court may so act being without limitation.

ID.—POWER OF LEGISLATURE OVER ENFORCEMENT OF JUDGMENTS.—While it may be inconsistent that a judgment which is barred by limita-

tion under section 336 of the Code of Civil Procedure, so far as the maintenance of a new action thereon is concerned, can by leave of the court be enforced by execution, still it is in the power of the legislature to so provide, and the court cannot otherwise construe the provisions of section 685 of that code.

ID.—ORDER FOR EXECUTION—NOTICE OF APPLICATION UNNECESSARY.—The order for execution made under section 685 of the Code of Civil Procedure is not invalid for want of previous notice of the application therefor. The statute does not require any notice to be given, and the failure of the statute to require notice does not render it void.

ID.—ISSUANCE OF EXECUTION AFTER FOURTEEN YEARS—DISCRETION OF COURT—LACHES.—It is not an abuse of discretion for the trial court to order execution to be issued on a money judgment about fourteen years after its entry when it appears that the judgment was for money loaned, that it had never been satisfied in whole or in part, that the failure to enforce it was without prejudice to the legal rights of the judgment debtor, and nothing appears whereby in equity and good conscience he should not be compelled to pay it. Under such circumstances the exercise of a sound discretion requires the enforcement of the judgment, under section 685 of the Code of Civil Procedure, and the right of the judgment creditor to the remedy afforded thereby is not lost by reason of laches.

ID.—ORDER FOR EXECUTION NOT NEW JUDGMENT—ADJUDICATION OF INTEREST.—Where the judgment was entered on December 30, 1891, for the sum of $518.25, an order made on March 10, 1905, to the effect ''that the said judgment be revived and enforced . . . in the sum of $518.25, with interest from December 30, 1891,'' and further providing ''that the total amount now due is the sum of $995.70, and that plaintiff do recover of and from said named defendant the said sum of $995.70,'' is not a new judgment. The latter provision of the order should be construed simply as an adjudication of the amount of principal and interest then due, and for which execution should issue, and not as requiring payment of interest on anything but the original $518.25.

ID.—EXECUTION FOR INTEREST ON INTEREST—VARIANCE.—An execution issued under such order, requiring the collection by the sheriff of the sum of $995.70, with interest on the whole thereof from March 10, 1905, does not accord with the order, in so far as it requires the collection of interest from March 10, 1905, on the interest that had accrued on that date. This variance as to the amount to be collected did not render the execution void, but only irregular.

ID.—APPEAL—SPECIFICATION OF VARIANCE—NOTICE OF MOTION.—On an appeal by the judgment debtor from an order denying a motion to vacate the order for execution and to recall the same, the appellant cannot take advantage of such defect in the execution when the only specification in the notice of motion touching the matter was

the general specification that there is a material variance between the judgment and the execution, and it does not appear that any more particular specification was made on the hearing in the court below.

ID.—EXECUTION AGAINST ONE OF TWO JUDGMENT DEBTORS.—Where one of two judgment debtors has died leaving no property, the survivor is not prejudiced by an order directing the enforcement of the judgment against himself alone.

APPEALS from an order of the Superior Court of Los Angeles County directing the enforcement of a judgment and from an order denying a motion to recall the execution and vacate the former order. Waldo W. York, Judge.

The facts are stated in the opinion of the court.

John W. Kemp, for Appellant.

Louis Luckel, for Respondent.

ANGELLOTTI, J.—These are appeals from an order directing the enforcement of a judgment as against appellant and from an order denying a motion to recall the execution and vacate the former order.

The judgment was made December 30, 1891, and entered December 31, 1891, in favor of plaintiff and against appellant and one Carrie D. Phillips, for $518.25, then due under the terms of a promissory note given by the defendants as joint makers. Nothing was done in the matter of enforcing said judgment until March 10, 1905, when *ex parte* application was made to the superior court for an order allowing the enforcement thereof. The affidavit of plaintiff was filed on said application. This affidavit showed that no part of the judgment or interest thereon has ever been paid, and that such judgment is wholly unsatisfied. The court thereupon, without notice to appellant, made an order which is substantially one under section 685 of the Code of Civil Procedure, allowing the original judgment to be enforced and carried into execution for the amount then due as against appellant. An execution was accordingly issued on March 14, 1905. On April 12, 1905, appellant gave notice of his motion to vacate said order and recall said execution on various grounds, which will be noticed hereafter so far as may be necessary. The motion was heard

upon the records and the affidavits of plaintiff and appellant. The affidavits before the superior court showed without conflict that the judgment was wholly unsatisfied, that the note upon which the judgment was based was given for money loaned to appellant, and that the other defendant, Carrie Phillips, had died without leaving any property. They were also sufficient to sustain a conclusion that plaintiff is the owner of the judgment, and that she did not know until about March 6, 1905, that either of the defendants owned any property except a certain lot of land which was protected from execution by a homestead declaration. The affidavits failed entirely to show any prejudice resulting to appellant from the delay in enforcing the judgment of which he can rightly complain.

Prior to the amendment of section 685 of the Code of Civil Procedure a judgment for the recovery of money could not be revived or enforced in any way after the expiration of five years from the time the judgment became final. Section 681 of the Code of Civil Procedure restricted the absolute right to an execution to the five years after entry of judgment, the time within which an action could be brought upon a judgment was fixed at five years by our statute of limitations (Code Civ. Proc., sec. 336), the writ of *scire facias* had been abolished (Code Civ. Proc., sec. 802), and section 685 of the Code of Civil Procedure, authorizing the judgment to "be enforced or carried into execution after the lapse of five years from the date of its entry," was by its terms applicable only to cases "other than for the recovery of money." By amendment taking effect March 9, 1895, (Stats. 1895, p. 38,) section 685 was made to read as follows: "In all cases, the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, or by judgment for that purpose, founded upon supplemental pleadings; but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation at the time of the passage of this act." The only change made by this amendment in the original section was the striking out of the words "other than for the recovery of money" after the words "In all cases," and the addition of the proviso as to judgments for money barred by limitation at the time of the adoption of the amendment. The effect of this change was to make the section

applicable to every character of case, including actions for the recovery of money.

As has been seen, the judgment here was entered prior to this amendment, but it was not at the time of the passage thereof barred by limitation. It is urged that the amendment should not be held to apply to any judgment for money rendered before its adoption. There can be no question as to the power of the legislature to make it applicable to all judgments already rendered and not barred by limitation at the time of their action. The constitutionality of statutes establishing or altering a period of limitation as to contracts then in fôrce is beyond question. Subject always to the limitation that a reasonable time must be allowed for prosecuting a proceeding after the passage of an act establishing or shortening such a period, the power of the legislature is absolute in such matters. There is in such legislation no forbidden impairment of the obligation of any contract. As said in *Terry* v. *Anderson*, 95 U. S. 628, the parties to a contract "have no more a vested interest in the time for the commencement of an action than they have in the form of the action to be commenced, and as to the forms of action or modes of remedy, it is well settled that the legislature may change them at its discretion, provided adequate means of enforcing the right remain." It was said by this court in *Swamp Land District* v. *Glide*, 112 Cal. 85, [44 Pac. 451], that "a man has no vested right in the running of the statute of limitations until it has completely run and barred the action." (See, also, 19 Am. & Eng. Ency. of Law, 2d ed., pp. 167, 168, 171.) We think it equally clear that the amendment to section 685 was intended to be applicable to all judgments not then barred by limitation. In addition to the inclusive character of the language used, we have the proviso excepting judgments for the recovery of money then barred by limitation. The making of this sole exception under well-settled rules of construction excludes any other exception, and leaves the amended section applicable to every judgment not included within the exception made. In the case of *Mann* v. *McAtee*, 37 Cal. 11, cited by appellant, the question before the court was as to whether section 214 of the Practice Act as enacted in 1866 (Stats. 1865-66, p. 704), (which was the same as section 685 of the Code of Civil Procedure, prior to the amendment) was applicable in the case of a judgment barred by lim-

itation at the time of the enactment of the section. The court said that it could not believe that the legislature intended in reviving section 214 in its amended form to give new vitality to old judgments long since defunct, and the remedy on which had already been barred by the lapse of time, and therefore construed the act as prospective only in operation, and applicable only to judgments thereafter to be rendered. The distinction between that statute and the one now under consideration is that in the latter there is a provision excepting one class of judgments already rendered,—viz. such judgments as are already barred, as was the one involved in *Mann* v. *McAtee,* 37 Cal. 11,—which obviously shows that the amendment was intended to apply to all other judgments already rendered. In *Pignaz* v. *Burnett,* 119 Cal. 157, [51 Pac. 48], also cited by appellant, the amendment shortening the time within which an appeal might be taken from twelve to six months was construed as not intended to be retrospective in effect. No time whatever was given by this amendment to appeal in those cases in which judgments had been entered for six months or more. The court said that unless it was absolutely necessary no intent to thus cut off the right of appeal from judgments already given should be attributed to the legislature, and concluded that such intent did not necessarily appear. Neither of these cases is applicable here.

It is further claimed that, conceding the applicability of section 685 to money judgments rendered before the passage of the amendment, the relief thereby afforded is barred in this case by the provisions of section 343 of the Code of Civil Procedure, which provides: "An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued." We are satisfied that neither this nor any other section of our general statute of limitations is applicable to the procedure contemplated by section 685 of the Code of Civil Procedure. That procedure constitutes neither an "action" nor a "special proceeding of a civil nature" within the meaning of those terms as used in such statute, nor is it in the nature of either. It is a mere subsequent step in an action or special proceeding already commenced, which is governed entirely, so far as the time within which the same may be taken is concerned, by the provisions of the statute specially relating thereto. No limitation of time

whatever is prescribed by such provisions, the plain effect of section 685 of the Code of Civil Procedure being to empower the court to authorize the issuance of an execution upon a judgment *at any time* after its entry, the time within which the court may so act being without limitation. This was the view expressed by this court in *Harrier* v. *Bassford,* 145 Cal. 529, 532, [78 Pac. 1038], where the question was not directly involved. Section 336 of the Code of Civil Procedure, in the general statute of limitations, provides the period within which an independent action may be commenced on a judgment, an action in which the plaintiff, upon proving his judgment and its non-satisfaction, is entitled, as a matter of right, to a new judgment. It has no relevancy to the question under consideration here. It may be argued that it is inconsistent that a judgment which is barred by limitation, so far as the maintenance of a new action thereon is concerned, can by leave of the court be enforced by execution; but the legislature may so provide, and we cannot construe the language of the statute before us otherwise than as showing such provision. Courts are not authorized to make, exceptions not reasonably sustainable by the language of a statute. As we have seen, the only exception made by the statute is as to judgments barred by limitation ''at the time of the passage of this act.'' What was said in *Merguire* v. *O'Donnell,* 139 Cal. 6, [96 Am. St. Rep. 91, 72 Pac. 337], as to the applicability of section 343 of the Code of Civil Procedure to the remedy provided by section 708 of the Code of Civil Procedure, the revival of a judgment in the name of the purchaser at sheriff's sale thereunder where he has failed to recover possession of the property purchased in consequence of irregularity in the proceedings, etc., was *dictum.* The question there presented was as to the applicability in such a case of section 336 of the Code of Civil Procedure, the five-year statute as to judgments, which period had elapsed. The court in holding the purchaser entitled to the relief sought declared that it had no application, saying: ''There is nothing to indicate that the legislature intended to control the effect or operation of section 708 of the Code of Civil Procedure, or the remedy under it, by said section 336.'' So far, at least, as section 685 of the Code of Civil Procedure is concerned, the same is undoubtedly true as to section 343 of the Code of Civil Procedure.

The order for execution is not invalid for want of previous notice of the application. The statute does not require any notice to be given, and the failure of the statute to require notice does not render it void. This is settled by at least two decisions of this court, in each of which the question was directly presented for determination. (*Bryan* v. *Stidger*, 17 Cal. 270; *Harrier* v. *Bassford*, 145 Cal. 529, [78 Pac. 1038].) As was pointed out in *Bryan* v. *Stidger*, 17 Cal. 270, if the defendant has a good defense, or any cause to show against the enforcement of process, he has a plain and speedy remedy in a motion to vacate the order and recall the execution.

We see no force whatever in the contention that in making the order for the issuance of the execution, under the circumstances here appearing, the lower court was guilty of an abuse of the discretion confided to it. Admittedly, the judgment, which was for money loaned to the appellant, had never been satisfied in whole or in part, and no reason whatever appeared why in equity and good conscience he should not be compelled to pay the same. The failure of plaintiff to earlier enforce the judgment which appellant should and could have at any time voluntarily paid, was entirely without prejudice to any of his legal rights, and did not render the granting of the order an abuse of discretion. Under such circumstances it would appear that the exercise of a sound discretion would require the enforcement of the judgment. *Wheeler* v. *Eldred*, 121 Cal. 28, [66 Am. St. Rep. 20, 53 Pac. 431], relied on by appellant, was a case where there was no question as to whether there had been an abuse of discretion, the sole contention there being that the court had no discretion to refuse to grant an application under section 685 of the Code of Civil Procedure for the execution of a decree of foreclosure as to real property where the decree had not been executed. The court held that the statute was permissive as regards the power given to the court in actions where title to real property is involved, "and that the court must determine in the exercise of a sound discretion whether the dormant judgment shall be enforced." It may be conceded for the purposes of this decision that this is equally true as to judgments in cases not involving title to real property.

What we have said upon the claim as to abuse of discretion sufficiently disposes of the claim that plaintiff was not entitled

to the remedy afforded by section 685 of the Code of Civil Procedure for the collection of his judgment, by reason of laches.

As contended by appellant, the lower court had no power without notice to enter a new judgment against him, but we do not read the order made on March 10, 1905, as doing this. It is ordered thereby "That the said judgment be revived and enforced . . . in the sum of $518.35, with interest from December 30th, 1891." The further provision therein "that the total amount now due is the sum of $995.70, and that plaintiff do recover of and from said named defendant the said sum of $995.70," was evidently intended simply as an adjudication of the amount of principal and interest then due and for which execution should issue, and cannot reasonably be construed as requiring payment of interest on anything but the original $518.35. The amount so named was a trifle less than the amount due, as a calculation will demonstrate.

The execution as issued, however, requires the collection by the sheriff of said sum of $995.70, with interest on the whole thereof from March 10, 1905. In this respect, the execution was not in accord with the order or judgment, requiring, as it did, the collection of interest from March 10, 1905, on the interest that had accrued on that date. This variance as to the amount to be collected did not, however, render the execution void, but only irregular. (1 Freeman on Execution, sec. 43; *Hunt* v. *Loucks,* 38 Cal. 372, [99 Am. Dec. 404].) The only specification in the notice of motion touching the matter was the general specification that there is a material variance between the judgment and the execution heretofore issued pursuant to the said order of this court, and it does not appear that any more particular specification was made on the hearing in the court below. This was not a sufficiently definite specification to bring the matter now complained of to the attention of the lower court and the adverse party at a time when the same might perhaps have been remedied and plaintiff's lien saved for the proper amount due, and we are of the opinion that the appellant should not now be heard upon that matter here.

It is urged that the court had no right to direct the enforcement of the judgment against the appellant without doing the same as to his co-defendant. Passing without deciding other arguments made in support of this action of the lower court,

it is sufficient to point out that appellant could not be prejudiced thereby in view of the fact that the co-defendant had died leaving no property.

The orders appealed from are affirmed.

Shaw, J., McFarland, J., Sloss, J., Henshaw, J., Lorigan, J., and Beatty, C. J., concurred.