[Civ. No. 391.   Second Appellate District.—October 8, 1907.]

WATER SUPPLY COMPANY, Plaintiff in Interpleader, v. L. G. SARNOW, Defendant-Appellant, and JOSIE E. SULLIVAN, Defendant-Respondent.

INTERPLEADER—JUDGMENT AGAINST PLAINTIFF—GARNISHMENT LEVIED UNDER EXECUTION AGAINST JUDGMENT CREDITOR.—In an action by the plaintiff to compel the defendants to interplead concerning moneys deposited in court under section 386 of the Code of Civil Procedure, where it appears that defendant-appellant had a judgment against plaintiff, and that defendant-respondent had levied an execution upon a prior judgment against defendant-appellant, garnisheeing all moneys due from plaintiff to defendant-appellant, judgment was properly rendered in favor of defendant-respondent against defendant-appellant for the payment of the judgment against him out of the money in court.

ID.—EXECUTION AFTER LAPSE OF FIVE YEARS—AFFIDAVITS WITHOUT NOTICE.—An execution was properly issued on the prior judgment in favor of defendant-respondent, against defendant-appellant, upon affidavits, without notice, under section 685 of the Code of Civil Procedure.

ID.—SECOND LEVY—PRIOR LEVY NOT WAIVED.—The issuance and levy of a second execution on the moneys due from plaintiff to defendant-appellant did not waive the rights acquired by the first levy, which was complete and regular.

ID.—LOSS OF ATTACHMENT AND JUDGMENT LIEN.—An attachment lien on property of the defendant-appellant was merged in the judgment docketed against him, and both liens were wholly lost by the lapse of five years from the date of the judgment. The loss of such liens did not preclude the issuance of execution after the lapse of five years upon a showing by affidavits.

APPEAL from an order of the Superior Court of Kern County denying a new trial.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

C. L. Claflin, and George E. Whitaker, for Appellants.

Bernard Potter, and T. F. Allen, for Respondent.

ALLEN, P. J.—Action by plaintiff under the provisions of section 386 of the Code of Civil Procedure to compel defendants to litigate among themselves their claims to certain

moneys in the hands of plaintiff.    Judgment went for defendant Sullivan.    From an order denying a new trial, defendant Sarnow appeals.

From the admissions in the pleadings and from the findings of the trial court, which latter have support in the evidence, it appears that Sarnow, in January, 1902, obtained a judgment against plaintiff; that prior thereto, in February, 1897, defendant Sullivan commenced an action in the superior court of Los Angeles county against Sarnow and others, in which action a writ of attachment was issued and levied upon certain real property standing in the name of Sarnow and other parties; that thereafter, in February, 1897, a judgment was duly given, made and docketed in said action in favor of Sullivan and as against said Sarnow and others.    That after the expiration of five years from the docketing of such last-named judgment, to wit, in May, 1902, the superior court, upon affidavit being filed pursuant to section 685, Code of Civil Procedure, and without previous notice, ordered an execution to issue upon said judgment for its enforcement, and the same was duly levied upon all moneys in the hands of plaintiff due said Sarnow, which writ was thereafter returned unsatisfied; that afterward, in October, 1902, another execution was issued upon said judgment and duly levied in the manner of the first execution; that when both of said executions were levied the plaintiff had money in its hands due to the said Sarnow equal to the amount of said judgment of Sullivan unpaid; that the plaintiff, after said levies and before the trial of this action, deposited in court the money so in its hands due said Sarnow.    The judgment of the court was that the money, or a sufficient amount thereof, be paid over to the defendant Sullivan in satisfaction of said judgment.

The first error assigned relates to the action of the trial court in admitting in evidence the deposition of Keyes, clerk of the superior court of Los Angeles county, because an exhibit referred to in said deposition was not attached to the deposition.    There is no exhibit referred to in the deposition, as shown by the bill of exceptions.

It is next contended that the executions were issued without notice, and, therefore, void.    No notice, under the circumstances of this case, is required.    (*Doehla* v. *Phillips,* 151 Cal. 488, [91 Pac. 330].)

It is next claimed that nothing was due Sarnow, because an appeal was pending when the executions were levied. There is no competent evidence in the record establishing such an appeal.

While not specified as error, it is insisted in argument that no execution could issue under section 685, Code of Civil Procedure, because of the previous attachment. The lien of · attachment became merged in the subsequent judgment if the identical property remained in the judgment debtors when the judgment was docketed. That it so remained will be presumed in the absence of any showing to the contrary. The lien of the judgment, including that of the attachment so merged, ceased at the expiration of five years from the date of the judgment. (Code Civ. Proc., sec. 671.) The fact that an attachment had once been issued, the lien of which had ceased, would not preclude the court from ordering execution upon the showing made by the affidavits. Nor does the issuance and levy of a second execution waive the rights acquired by the first levy, which was, as found by the court, complete and regular. (*Lawrence* v. *Security Co.*, 56 Conn. 423, [15 Atl. 406].)

· We find no error in the record, and the order is affirmed.

Shaw, J., and Taggart, J., concurred.