BAYLEY et al. v. DAVIS et al.

(District Court, D. Oregon. June 29, 1914.)

No. 6249.

EXECUTION (§ 70*)—JURISDICTION TO ISSUE—DEATH OF DEBTOR—OREGON
STATUTE.

Under B. & C. Comp. Or. § 220 (L. O. L. § 220), which authorizes the issuance of an execution against the property of a judgment debtor notwithstanding his death, but provides that it shall not issue until six months after the appointment of an executor or administrator without leave of the county court, it is not necessary that a judgment be revived against the heirs of a deceased judgment debtor, nor is a notice to the heirs required of an application to the county court for leave to issue execution thereon.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 159; Dec. Dig. § 70.*]

In Equity. Suit by James Bayley, Marcus L. Bayley, Emery S. Bayley, Lizzie Lynn, Ida Bayley, and Hazel Bayley, by H. B. Beckett, her guardian ad litem, against M. M. Davis and Mary B. Davis, his wife, C. M. McKellips and Alice H. McKellips, his wife, Mary Case, A. D. Shollenberg and Lizzie Shollenberg, his wife, H. D. Blakely and Effie A. Blakely, his wife, E. M. Hurd and Ruby A. Hurd, his wife, William N. Borden and Eleanor Borden, his wife, Thomas Leese and Emma Leese, his wife, Theresa Roper, S. E. Paddock and Jane Doe Paddock, his wife, Floyd Bilyeu and Hazel Bilyeu, his wife, W. I. Watson and Charlotte E. Watson, his wife, J. L. Rickman, L. C. Smith, Don V. Walker and Mabel D. Walker, his wife, E. E. Wilson, Alwilda Shonkwiler, Ray C. Oliver, T. H. Halleck and Daisy E. Halleck, his wife, A. H. Hampton and Agnes S. Hampton, his wife, Carl Tamm, Isabel Yaeger, F. H. McDonald and Carrie McDonald, his wife, Frank Priest and Hattie L. Priest, his wife, and the City of Newport. On motion to dismiss bill. Motion sustained.

Hibschman & Dill, of Spokane, Wash., and Wilbur & Spencer, of Portland, Or., for plaintiffs.

Woodcock, Smith & Bryson, of Eugene, Or., for defendants.

BEAN, District Judge. This suit is brought to vacate and set aside a sale of real property under an execution issued on a judgment recovered against plaintiffs' ancestor in his lifetime, and for a decree adjudging that plaintiffs are the owners of an undivided one-sixth interest in such property.

The facts are that on November 27, 1893, one Margaret A. Stevens recovered a judgment against James R. Bayley for the sum of approximately $450, which judgment was regularly docketed in the judgment lien docket of the county. On May 24, 1901, Bayley died intestate, seised and possessed of the real property in question. On May 28, 1903, the Stevens judgment was assigned and transferred to the defendant Davis, who on November 24th following, three days less than ten years after the entry of the judgment, petitioned the

county court of Lincoln county for the appointment of an administrator of Bayley's estate, alleging that the decedent left property in the county, that certain persons, of whom the petitioner was one, had judgments against him, and that he (petitioner) desired to apply to the court for leave to issue execution on his judgment. Based on this petition an administrator was regularly appointed, and on the same day, and immediately thereafter, Davis applied to and obtained from the county court an ex parte order permitting him to issue execution under his judgment. An execution was thereupon issued, the property advertised and sold thereunder in January, 1904. The plaintiffs, who are the heirs of Bayley, now bring this suit to set aside such sale on the ground that it is void because the judgment was not revived against them and the order of the county court granting leave to issue execution was made without notice.

The state statutes in force at the time of the proceedings in question, and by which this case must be determined, are as follows:

"The party in whose favor a judgment is given which requires payment of money * * * may at any time after the entry thereof have a writ of execution issued for its enforcement, as provided in this title." Section 213, B. & C. Code.

"Notwithstanding the death of a party after judgment, execution thereon against his property * * * may be issued and executed in the same manner and with the same effect as if he were still living; but such execution shall not issue within six months from the granting of letters testamentary or of administration upon the estate of such party, without leave of the county court or judge thereof." Section 220, B. & C. Code; section 220, Lord's Oregon Laws.

"If, at any time after the entry of a judgment, the period of ten consecutive years shall have elapsed without an execution being issued on such judgment during such period, no execution shall thereafter issue on such judgment and such judgment shall thereafter be conclusively presumed to be paid and satisfied unless an execution be issued thereon within one year from the passage of this act." Section 241, B. & C. Code.

It is, I take it, settled law in this state that an execution may issue on a judgment notwithstanding the death of the judgment debtor, without the judgment being revived against his heirs by a proceeding in the nature of scire facias against them. Knott v. Shaw, 5 Or. 482; Barrett v. Furnish, 21 Or. 17–19, 26 Pac. 861; Bower v. Holladay, 18 Or. 490, 22 Pac. 553; Watson v. Moore, 40 Or. 206, 66 Pac. 814. The only limitation is that the judgment shall be a valid subsisting lien, and that the execution shall not issue until after the appointment of the administrator, and not within six months thereafter, without the consent of the county court or judge thereof.

The position of the plaintiffs is that, since the order of the county court consenting to the issuance of the execution was made without notice to the heirs, it operated to deprive them of their property without due process of law, and is void. The statute does not in terms require notice of such an application, and section 536, Lord's Oregon Laws, provides that: "Notice of a motion is not necessary except when this Code requires it, or when directed by the court or judge in pursuance thereof," which would seem to be a complete answer to the plaintiffs' contention.

But it is argued that the section of the Oregon statute in reference to the issuance of an execution after the death of a judgment debtor was adopted from the New York Code of 1850; that the New York decisions construing such statute prior to its adoption here held that notice to the heirs is necessary, and that such interpretation was impliedly carried into the Oregon jurisdiction. I cannot concur in this view. The section of the Oregon statutes differs in some respects from that of New York (Bower v. Holladay, supra), and, moreover but a part of the New York system was adopted here. In New York the law required a judgment to be revived by a proceeding in the nature of a scire facies in the court where rendered after the death of the judgment debtor before execution could issue thereon, and the cases referred to by plaintiffs (Alden v. Clark, 11 How. Prac. [N. Y.] 209; Frink v. Morrison, 13 Abb. Prac. [N. Y.] 80) discuss the question whether the act of 1850, conforming in substance to section 220 Oregon Statutes, repealed by implication this requirement, and it was held, and in subsequent decisions, that it did not. Wood v. Moorehouse, 45 N. Y. 368; Wallace v. Swinton, 74 N. Y. 188.

In this state, as we have seen, the law does not require a judgment to be revived against the heirs before execution can issue thereon, but execution may issue after the death of the judgment debtor in the same manner and with the same effect as if he were still alive, except that it cannot issue within six months after the appointment of an administrator without leave of the county court, so I take it the New York decisions are not in point. The Wisconsin case (Eaton v. Youngs, 41 Wis. 507) cited was an application for leave to issue execution, and the court ruled that it would not be allowed until the heirs and creditors had an opportunity to pay the judgment without execution, a matter resting within the discretion of the court.

The Legislature has the undoubted power to determine when and under what circumstances execution may issue on a judgment. It may authorize its issuance notwithstanding the death of the judgment debtor. It may give such right unconditional, or leave it optional with the probate court whether it shall issue within a certain time after the appointment of the administrator. The latter is the course adopted by the Oregon Legislature, but there is nothing in the terms of the statute which requires notice of an application to the county court for leave to issue an execution. Process of any kind may ordinarily be issued without notice to the opposite party, and, as said by the Supreme Court of California, in Harrier v. Bassford, 145 Cal. 529, 78 Pac. 1038:

"The general rule is that notice of application therefore need be given only where there is some statute expressly prescribing it. Such notice is not necessary to constitute that due process of law which is guaranteed by the Constitution of the United States."

See, also, Doehla v. Phillips, 151 Cal. 488, 91 Pac. 330; Water Supply Co. v. Sarnow, 6 Cal. App. 586, 92 Pac. 667.

I am of the opinion, therefore, that notice to the heirs of a motion in the county court for leave to issue execution on a judgment against their ancestor is not required by the Oregon statute. It would probab-

ly be better practice to give such notice, and the failure to do so might be sufficient ground for quashing the execution on an application timely made, but it would not vitiate a sale made thereunder. Eddy v. Coldwell, 23 Or. 163, 31 Pac. 475, 37 Am. St. Rep. 672.

The claim is made that the proceedings in the county court were colorable "and a fraud upon the law," but this position is untenable. It was the only course open to the judgment creditor by which he could preserve and enforce his lien. No execution could issue upon his judgment without the appointment of an administrator. Watson v. Moore, supra. The heirs and other creditors had failed to apply for such appointment, and clearly it is no cause of complaint that an earlier application was not made by the judgment creditor. He waited until his judgment was about to expire, and as no one else had applied for the appointment of an administrator, he availed himself of the right given him by the law, and took the necessary and proper steps to enforce his judgment.

Motion will be allowed, and the complaint dismissed, with leave to the plaintiffs to amend within 20 days, if they so elect.