Delle, Respondent, vs. Boss, Sheriff, Appellant.

*November 14—December 5, 1916.*

*Judgment: Period of lien on real estate: Suspension of enforcement: Execution: Docket entries: Executors and administrators: Claims.*

1. Unless an entry of the fact of suspension of the enforcement of a judgment is made on the docket as provided in sec. 2902, Stats., there is no interruption of the running of the ten-year period during which, under said section, the judgment is a lien on the debtor's real estate.
2. Under sec. 2978, Stats., the enforcement of a judgment by execution is suspended for one year after the death of the judgment debtor.
3. Except for the purpose of enforcing an existing lien on real or personal property, our statutes do not contemplate the issuance of an execution against the property of a deceased judgment debtor, but rather that the whole estate should pass to the ad-

ministrator or executor, not to be interfered with by the levy of executions except in case of a specific lien, but to be administered under the direction of the county court, upon proper presentation of claims to that court.

APPEAL from an order of the circuit court for Monroe county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

Action in equity to restrain the defendant, as sheriff, from selling a half acre of land (of which the plaintiff has the record title) upon an execution against one Frank Delle, plaintiff's deceased husband, based upon a judgment against said Frank rendered and docketed December 27, 1904. Plaintiff acquired title October 5, 1911, by deed from one Frank Alvin Delle, to whom the plaintiff and her husband had conveyed in January, 1909. Frank Delle died intestate November 30, 1910. The plaintiff's claim was that under sec. 2902, Stats., said judgment ceased to be a lien on said real estate ten years after the rendition thereof, viz. December 27, 1914, and that the execution in question, not having been issued until July 23, 1915, could not be levied thereon. The complaint also asked that the land be declared free from the lien of said judgment.

The defendant by answer alleged that plaintiff was not the *bona fide* owner of the land and did not purchase it in good faith, but that the conveyances thereof to Frank Alvin Delle and from him to the plaintiff were both made in bad faith, without consideration, and with knowledge of the existence and lien of said judgment.

A general demurrer to this answer was sustained by the court and the defendant appeals.

The cause was submitted for the appellant on the brief of *Graves & Masters,* and for the respondent on that of *C. W. Graves.*

WINSLOW, C. J. In this case it is held:

1. Under the provisions of sec. 2902, Stats., a judgment ceases to be a lien upon the debtor's real estate ten years after

the rendition thereof *except* in cases where its enforcement is suspended by injunctional order or otherwise by law and the judgment creditor also causes to be entered on the judgment docket the fact of such suspension, in which case the time of such suspension after the entry is not to be reckoned as part of the ten years.    If the entry be not made the running of the statute is not interrupted.

2. Under sec. 2978, Stats., the enforcement of the judgment in this case by execution was suspended for one year after the death of Frank Delle, but, no entry of the fact having been made, the running of the statute was not interrupted and the lien of the judgment had expired when the execution herein was issued.

3. Except for the purpose of enforcing an existing lien on real or personal property, our statutes do not contemplate the issuance of an execution against the property of a deceased judgment debtor, but rather that the whole estate should pass to the administrator or executor, not to be interfered with by the levy of executions except in case of a specific lien, but to be administered under the direction of the county court, upon proper presentation of claims to that court.    Any other course would involve confusion, waste, and the jeopardizing of the interests of all concerned.    Sec. 2978, Stats.; *Eaton v. Youngs,* 41 Wis. 507.

4. It follows that the execution in the present case was improperly issued and that the answer stated no defense.

*By the Court.*—Order affirmed.