**DISTRICT CREDIT CLOTHING, INC., a corporation, Appellant,**

v.

**SQUARE DEAL TRUCKING COMPANY, Inc., a corporation, Appellee.**

No. 2577.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 15, 1960.

Decided Sept. 21, 1960.
Rehearing Denied Nov. 15, 1960.

Robert M. Gray, Washington, D. C., with whom Darryl L. Wyland, Washington, D. C., was on the brief, for appellant.

Arthur L. Willcher, Washington, D. C., with whom Alexander Boskoff, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

In this action by a garnishee for wrongful attachment and malicious abuse of process a jury awarded compensatory and punitive damages. The pivotal question is whether a plaintiff who has obtained judgment of condemnation against a garnishee is required to give notice and make demand for payment before executing on such judgment.

District Credit Clothing had a judgment against an employee of Square Deal Trucking Co., and issued a garnishment against Square Deal; garnishee filed an answer admitting that it owed the employee $25.99;

District Credit sought and was granted a judgment of condemnation of such admitted credits.

An official of District Credit presented a short copy of the judgment of·condemnation to the president of Square Deal, and was told that the bookkeeper was absent and that he would have to come back another day. District Credit asked the advice of its then attorney, who said it had a right to attach on the judgment of condemnation. A few days later District Credit garnisheed the bank account of Square Deal. A motion to quash the attachment was filed by Square Deal and was granted; but during the same month the judgment of condemnation was entered "paid and satisfied."

This suit by Square Deal charged that District Credit, in attaching its bank account, had acted wrongfully and maliciously, and without giving adequate notice of the judgment of condemnation or an adequate opportunity to pay it. At trial the plaintiff (Square Deal) took the position that District Credit had no right to attach on the judgment of condemnation without first making demand for payment. The trial judge adopted that as the correct theory of law, denied a defense motion for directed verdict, and instructed the jury that the statute required District Credit to make demand for payment before issuing an attachment.

We must rule that plaintiff's theory was wrong, that no demand was required by statute, and that accordingly a verdict for defendant should have been directed.

Code 1951, § 15–312 provides that when a garnishee's answer shows admitted credits in his hands plaintiff becomes entitled to a judgment therefor, "and execution shall be had thereon." The same language is used in Code 1951, § 16–323. It has never been held that such an attachment or execution under the statutes just cited is invalid unless preceded by a demand for payment. Nor are we aware of any decision in this jurisdiction which requires advance notice or demand in connection with any other type of execution or attachment.

The Supreme Court has held that "the established rules of our system of jurisprudence do not require that a defendant * * * should, after a judgment has been rendered against him, have a further notice," before proceedings are taken to reach his property in satisfaction of the judgment. The Court ruled that in the absence of a statutory requirement it is not essential that a judgment debtor be given such notice. Endicott-Johnson Corporation v. Encyclopedia Press, 266 U.S. 285, 45 S.Ct. 61, 62, 69 L.Ed. 288.

The same rulings are found in federal and state cases. Foster v. Young, 172 Cal. 317, 156 P. 476; Polk v. Holland Texas Hypotheek Bank, Tex.Civ.App., 66 S.W.2d 1112; 33 C.J.S. Executions § 58; see also Bayley v. Davis, D.C.Or., 215 F. 165. It has also been held that even when a statute requires notice and demand, and none is given, the omission affects only the award of costs. Adams v. Tracy, 13 Mo.App. 579.

We think it is plain that, the ethical question aside, the plaintiff had the right to attach on its judgment of condemnation, and that there was no issue of malice or probable cause to submit to the jury. It may be conceded that the plaintiff was inconsiderate in moving against another business concern in the way it did; and that courtesy would have suggested that the garnishee be given more of an opportunity to honor the judgment. But those are moral, not legal, questions.

We think it cannot be held that there was here a perversion of court processes to accomplish an end not authorized by law. Goodall v. Frank R. Jelleff, Inc., D.C.Mun. App., 130 A.2d 781; Hall v. Field Enterprises, D.C.Mun.App., 114 A.2d 840; Geier v. Jordan, D.C.Mun.App., 107 A.2d 440.

Counsel for appellee argues in effect that the situation is controlled by an earlier order quashing the attachment against appellee's bank account. But that ruling did not

establish (for the purposes of this later action for damages) malice or a want of probable cause, or prevent the defense of this action on the grounds we have stated.[1]

In view of our disposition of this appeal on the major issue we need not discuss the arguments as to advice of counsel. Nor is it necessary to consider appellee's claim that in the garnishment District Credit had demanded more costs than were properly payable; that was a question for the trial court in taxing or retaxing costs.

Reversed, with instructions to enter judgment for defendant.

1. See Lee v. Dunbar, D.C.Mun.App., 37 A.2d 178.