[L. A. No. 541.    Department One.—August 11, 1899.]

## REDLANDS HOTEL ASSOCIATION, Appellant, v. J. R. RICHARDS et al., Respondents.

CHATTEL MORTGAGES—FORECLOSURE OF SECOND MORTGAGE—VALUE OF PROPERTY—POWER OF COMMISSIONER.—A commissioner appointed to make sale of chattels under a decree of foreclosure of a second chattel mortgage thereupon, is clothed with executive powers only, and cannot judicially determine that the property is not of sufficient value to meet the prior mortgage, nor certify a deficiency without having made sale of the property as directed.

ID.—RETURN WITHOUT SALE—DEFICIENCY JUDGMENT VACATED—EXECUTION QUASHED.—The return by the commissioner without sale cannot warrant the docketing of a deficiency judgment; and a judgment so docketed, upon which execution is issued, is properly vacated by the court, and the execution quashed.

ID.—POWER OF COURT—CASE CONSIDERED.—It seems that under the equitable construction given to the statute in Toby v. Oregon etc. Co., 98 Cal. 490, the court may have the power, upon proper proof that the mortgage was valueless, on account of the insufficiency of the property to pay and discharge the prior mortgage, to find that fact, and direct a deficiency or personal judgment against the defendants without selling the mortgaged property.

APPEAL from an order of the Superior Court of San Bernardino County, vacating a deficiency judgment and quashing an execution issued thereupon. John L. Campbell, Judge.

The facts are stated in the opinion.

Frank C. Prescott, for Appellant.

L. H. Valentine, for Respondents.

HAYNES, C.—The Redlands Hotel Association, a corporation, brought an action to foreclose a chattel mortgage made by

Richards upon certain hotel furniture to secure a promissory note made by him and one David Weh to the plaintiff, and indorsed before delivery by John M. Jones (both of whom were made defendants), and which, as was alleged in the complaint, was subject to a prior mortgage made by Richards to said Jones upon the same furniture. The court found for the plaintiff, and entered judgment directing a sale of said property to pay the amount found due to the plaintiff, and appointed a commissioner to make such sale; but further found and decreed that all of the mortgaged property was subject to a first and prior chattel mortgage given by defendant Richards to defendant Jones. It was also provided that if the proceeds should not be sufficient to satisfy the amount found due to the plaintiff, the deficiency should be docketed against all the defendants.

An order of sale was issued to the commissioner on November 29, 1897, and on December 1st he made a return thereon to the effect that he made an attempt to levy on the property described in the order of sale for the purpose of selling the same, but found that it was subject to a prior mortgage found in the decree to be a prior lien upon the property directed to be sold; that the amount secured by said prior mortgage exceeded the value of the property, and if sold would not pay the first chattel mortgage; that he was unable to take possession of the property for lack of the necessary money to pay the lien of the first mortgage, and therewith returned said writ wholly unsatisfied, and certified the deficiency to be eight hundred and seventy dollars and twenty-three cents; and for said sum a deficiency judgment was thereupon docketed against all the defendants. Afterward, an execution was issued upon said deficiency judgment and levied upon other property of defendant Richards, who thereupon procured an order against the plaintiff to show cause why said deficiency judgment should not be vacated and said execution quashed. The application was heard upon affidavits setting out the foregoing and other facts, and upon the files and records in said cause, and upon the hearing an order was made quashing the execution and vacating the deficiency judgment, and from that order the plaintiff appeals.

The affidavits, so far as they relate to the value of the mortgaged property, are conflicting; that of defendant Richards al-

leging upon information and belief that plaintiff's mortgage is not valueless as a security, but that if a sale had been made "some money could have been realized from such sale to apply" upon plaintiff's judgment; while the affidavit on behalf of plaintiff is to the effect that the mortgaged property is not worth two thousand dollars (the amount of the prior mortgage), and would not bring said sum either at private sale or a sale under execution.

The commissioner appointed to make the sale of the mortgaged property under the decree of foreclosure was clothed with executive powers only, and could not judicially determine the value of the property, or that the plaintiff was entitled to a deficiency judgment, otherwise than by a sale of the property as directed.

*Toby v. Oregon etc. Co.*, 98 Cal. 490, cited by appellant, is not in point. In that case a receiver was appointed *pendente lite*, and after trial and order for judgment, upon a showing to the court that the property was deteriorating in value, and large expense in keeping was being incurred, the receiver was ordered by the court to sell the mortgaged vessel as perishable property. It is true it was there said: "The contention of appellant that there can be no deficiency judgment without a sale and formal return by the sheriff seems to me too technical to give effect to the evident intent of the law-makers in many cases. Suppose in the present case the steamship mortgaged had been lost by the perils of the sea, *pendente lite*, would the plaintiff have been without remedy? Or can it be claimed that the court would have been forced to the useless expedient of foreclosing the mortgage, ordering a sale, and awaiting the return of the sheriff, before a deficiency judgment could be docketed? Would it not rather be said that the court having obtained jurisdiction of the parties and of the subject matter would, under the rules of equity, proceed under the altered circumstances, and, in view of the fact that the security was exhausted, to do justice by the entry of judgment for what would then become the deficiency, viz., the full amount due?"

Under the equitable construction thus given to the statute, it may be that the court, upon proper proof that plaintiff's mortgage was valueless because the property was insufficient to pay

and discharge the prior mortgage, could have found that fact and directed a deficiency or personal judgment against the defendants, without selling the mortgaged property; but it must be apparent from the reasoning of that case that the commissioner had no such power, and that the deficiency judgment based upon his return was wholly unauthorized, and the writ of execution issued thereon must fall with it.

What course the plaintiff should have pursued, or what remedy it may have in the present situation, are moot questions upon which no opinion is expressed.

I advise that the order appealed from be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.