[Civ. No. 8227. First Appellate District, Division Two.—August 26, 1932.]

MARY A. GANSERT LADD, Respondent, v. ELLIS F. MATHIS, as Administrator, etc., et al., Appellants; CHARLES BRITTEN LADD et al., Cross-Defendants and Respondents.

Thomas A. Sanson and Thomas T. Robinson for Appellants.

E. R. Simon for Respondents.

BURROUGHS, J., *pro tem.*—Plaintiff, Mary A. Gansert Ladd, brought this action for the purpose of having applied on a deficiency judgment held by her, a certain trust deed note, hereinafter referred to as "The Cole Trust Deed Note" and the trust deed securing the same, which trust deed and note plaintiff claimed had been theretofore fraudu-

lently conveyed by the judgment debtors, John T. Mathis and Theodosia Mathis, to their son Ellis Mathis, and by him fraudulently conveyed to the defendant Thomas Tyler Robinson, the present holder. Defendants appeal from a judgment in favor of plaintiff.

The facts not in dispute are as follows: In December, 1918, defendant John T. Mathis, being indebted to one Charles Britten Ladd, executed a promissory note, in the amount of $480, payable September 1, 1919, to said Charles Britten Ladd. Said note was secured by a chattel mortgage on a certain band of horses, twenty head all told. Both note and mortgage were signed by John T. Mathis, Theodosia Mathis and Ellis Mathis, said last named being the son of said John T. Mathis and Theodosia Mathis and at the time of signing said instruments a minor of the age of eighteen years; the note and mortgage were subsequently assigned by the payee to his wife, Mary A. Gansert Ladd. Default judgment in a foreclosure suit on said note and mortgage was entered and docketed September 24, 1919, for the principal sum of $505.88, attorney's fees $40, and costs $82.60, and interest and "judgment over any deficiency after said sale and return".

In December, 1924, defendants John T. Mathis and Theodosia Mathis sold and exchanged all property then held by them for three certain trust deeds and notes, which said notes and deeds were assigned to Ellis F. Mathis, their son, two of said trust deeds and notes being herein referred to as "The Yorston Trust Deed Note" and "The Cole Trust Deed Note". February 20, 1925, a deficiency judgment (without notice of any kind to the defendants therein named) was granted in said foreclosure suit for the full amount of the judgment, and docketed February 25, 1925. Said deficiency judgment was granted on the evidence of four affidavits to the effect that the security given by said chattel mortgage was valueless. Thereafter, on execution issued February 28, 1925, a certain note and trust deed herein referred to as "The Yorston Trust Note", then standing in the name of Ellis F. Mathis, and being one of the trust deeds assigned to him as aforesaid, was levied upon and on April 15, 1925, at sheriff's sale, sold to Charles Britten Ladd, plaintiff's husband, for $150, of which sum $30.50, was credited on the deficiency judgment.

Defendants were not advised of the fact of the deficiency judgment having been granted nor of the levy and sale of the "Yorston Trust Deed Note" before April 17, 1925. Some time thereafter, defendant Ellis F. Mathis, on request of his parents, assigned that certain trust deed and note herein referred to as the "Cole Trust Deed Note" to defendant Thomas Tyler Robinson. At some time in the early part of the year 1925 and before the last-named assignment was made Mrs. Emma C. Relf had purchased the property described in the "Cole Trust Deed" and assumed the debts thereon, being about $2,300.

On August 12, 1925, the sheriff of Los Angeles County returned an *alias* writ of execution, setting forth thereon that he had served the same upon Emma C. Relf and Thomas Tyler Robinson, that the same was wholly unsatisfied, with added costs of $30.25.

On August 25, 1925, defendant Ellis F. Mathis, in said action of foreclosure above mentioned, after due notice, came into court and moved to vacate, annul and set aside the judgment of foreclosure, deficiency judgment and execution sale. The motion was duly presented, argued and denied and no appeal was taken therefrom.

It was stipulated in open court by counsel for the respective parties that the said instrument designated deficiency judgment and docketed in book 575 at page 371 of judgment records of said court had been obtained *ex parte* and without notice of any kind being given to the defendants therein named, and that no steps of any kind had been taken by or on behalf of plaintiff in said action of foreclosure from the date of filing of the foreclosure decree in September, 1919, until the filing of the affidavits and securing of the purported deficiency judgment on February 20, 1925.

In September, 1925, the complaint in the case at bar was filed. The defendants Mathis, by their answer and cross-complaint, deny and allege as follows: Allege fraud in the procurement of the note and mortgage on which foreclosure was had; that the defendants Ellis Mathis and Theodosia Mathis were not served with summons and copy of the complaint in said foreclosure action; that cross-defendants (plaintiffs) maliciously conspired and caused the sheriff's sale to be held in such a manner that none of the defendants Mathis had notice thereof; deny having made any assign-

ments with intent to defraud creditors; allege a consideration from Robinson for the transfer of the "Cole Trust Deed Note", in that John Mathis was indebted to said Robinson for attorney services; allege the value of the Yorston trust deed note to have been at the time of the sale $2,918.27 (the amount remaining unpaid thereon), and that defendant Ellis Mathis was the sole owner thereof. They ask the court to vacate and set aside the decree of foreclosure, deficiency judgment and execution sale and for damages in the amount of $10,000.

An amendment to the complaint was filed by which defendant Emma C. Relf was brought in and said defendant, answering, made application to be allowed to pay into court the regular monthly payments due from her on the Cole trust deed note, and thereafter payments to the amount of $1,000 were made to the clerk of the court before judgment was rendered herein.

Plaintiff, in answer to the cross-complaint, sets out the facts on the motion made in said foreclosure action on August 25, 1925, *supra,* and alleges that the order and decision of the court denying said motion is a final determination of the issues raised under the cross-complaint and is a bar to the prosecution of the alleged cause of action therein set forth. During the pendency of the action, defendant John Mathis died and Ellis F. Mathis, as administrator of his estate, was substituted. The appeal is before us on a bill of exceptions.

Appellants claim that the so-called deficiency or personal judgment which was entered February 25, 1925, is void because entered without jurisdiction. However, such order was not a new and independent judgment but was an order merely to allow the plaintiffs to collect on their judgment without the useless procedure of issuing an order of sale and foreclosing the security, which had become valueless. While a case directly in point has not been called to our attention, in the case of *Toby* v. *Oregon Pac. R. R. Co.,* 98 Cal. 490 [33 Pac. 550], where a receiver was appointed *pendente lite,* upon a showing after trial and before entry of decree that the mortgaged property was deteriorating in value, the court ordered a sale and after confirmation of sale entered a decree reciting facts awarding judgment for the amount of the debt and interest, requiring the receiver

to pay the amount in his hands upon such judgment to the plaintiff, and awarding execution for the balance. The opinion of the court is summarized in the syllabus as follows: "The object of section 726 of the Code of Civil Procedure, in regard to the foreclosure of mortgages upon real or personal property, is to inhibit a personal action to recover a debt secured by mortgage; to confine a recovery in such cases to one action; to make the mortgaged property the primary fund out of which satisfaction is to be had, and to give the plaintiff a personal judgment for such balance as may be found due after the exhaustion of the mortgaged property; but it is not necessary to give effect to the evident intent of the lawmakers, that there can be no deficiency judgment without a sale under a decree of foreclosure and a formal return by the sheriff, but whenever an application of the primary fund and a deficit remaining exists, and can only be reasonably ascertained by other means, these facts are not to be ignored because made apparent in a different way." At page 495 of said opinion it is said: "The contention of appellant that there can be no deficiency judgment without a sale and formal return by the sheriff seems to me too technical to give effect to the evident intent of the lawmakers in many cases." And further, "Suppose in the present case the steamship mortgaged had been lost by perils of the sea, *pendente lite,* would the plaintiff have been without remedy, or can it be claimed that the court would have been forced to the useless expedient of foreclosing the mortgage, ordering a sale, and awaiting the return of the sheriff, before a deficiency judgment could be docketed? Would it not rather be said that the court having obtained jurisdiction of the parties and of the subject-matter would, under the rules of equity, proceed under the altered circumstances, and in view of the fact that the security was exhausted, to do justice by the entry of judgment for what would then become the deficiency, viz., the full amount due?"

In *Parker* v. *Parker,* 203 Cal. 787, 793 [266 Pac. 283, 285], the court says: "It is further urged that the original order for the issuance of the execution is void as having been made without notice to the defendant. It has been the law of this state since 1861 that the court, under section 685 of the Code of Civil Procedure (which was a continuance of sec. 214 of

the Practice Act), has power *ex parte* to order the issuance of an execution on a judgment which has become final more than five years before the application . . . '' It was further said: ''But the failure of the plaintiff to disclose the true situation did not go to the jurisdiction of the court to act on the *ex parte* motion. If the defendant as judgment debtor had good cause to show against the issuance and enforcement of process he had his remedy by a motion to vacate the order and recall the execution.''

In *Redlands Hotel Assn.* v. *Richards,* 125 Cal. 569 [58 Pac. 152, 153], after referring to *Toby* v. *Oregon Pac. R. R. Co., supra,* the court said: ''Under the equitable construction thus given to the statute, it may be that the court, upon proper proof that plaintiff's mortgage was valueless because the property was insufficient to pay and discharge the prior mortgage, could have found that fact and directed a deficiency or personal judgment against the defendant, without selling the mortgaged property . . . ''

In the case of *Rein* v. *Callaway,* 7 Idaho, 634 [65 Pac. 63, 64], it is said: ''In this state, as in the state of California, the mortgaged property becomes the primary security, and the personal obligation of the mortgagor a secondary one. The mortgagor, under our statutes, is personally liable only after foreclosure, and then only for the balance shown to be due by the return of the sheriff, unless it is made to appear that the property has been destroyed or otherwise become valueless without the fault of the mortgagee.''

Under these authorities we are of the opinion that the court did acquire jurisdiction to enter the judgment. It could not be successfully claimed that had an order of sale been made and the sheriff or commissioner, after an attempted sale of the valueless property, returned the order unsatisfied, that the clerk could not have entered a deficiency judgment for the full amount. Such a proceeding is of constant occurrence. We therefore hold that the court did acquire jurisdiction to make the order.

It is also claimed that the execution issued was void because issued more than five years after the entry of the original judgment of foreclosure. However, the execution was issued three days after the deficiency judgment was entered and we believe it would be a strained construction of law to say that such issuance must be subject

to a formal order of the court, except the one contained by implication in the entry of the deficiency judgment, which was entered three days previously. It is also a part of the record that succeeding the entry of the deficiency judgment and the issuance of the execution herein, the appellants made a motion to vacate and set aside said deficiency judgment and recall the execution and after a hearing thereon the motion was denied. No appeal was taken therefrom and the same is now final. In California Jurisprudence, volume 11, at page 50, it is said: "The proceeding to have execution issued after five years is usually by motion supported by affidavit. The affidavit, however, does not have to stand the test applicable to a complaint. While the court may in a proper case direct that notice of motion be given, notice is not required in the absence of such direction, and is not necessary to constitute that due process of law which is guaranteed by the Constitution of the United States. If the debtor has a good defense or any cause to show against the enforcement of process, he has a plain and speedy remedy in a motion to vacate the order and recall the execution." In *Doehla* v. *Phillips,* 151 Cal. 488 [91 Pac. 330], it is held that the proceeding provided for in section 685 of the Code of Civil Procedure is not a new action but is a subsequent proceeding in the original action. We think the same rule applies to the foregoing proceedings to obtain a deficiency judgment where the security has become valueless. We find nothing in the record to indicate that the court was without jurisdiction, besides, the defendants have already had their day in court.

Appellants urge that the transfer of the Cole trust deed and note to the defendant Thomas Tyler Robinson, at the most, only constituted a preference and cannot be attacked except through bankruptcy proceedings, or under the State Insolvency Law.

The Cole trust deed and note was one of the three trust deeds and notes which the court found had been fraudulently transferred to Ellis F. Mathis. The court further found that the Cole trust deed and note had been fraudulently transferred by Ellis F. Mathis to Thomas Tyler Robinson.

The court found that the assignment to Ellis F. Mathis was made without valuable consideration of any kind; that said assignment was made with the purpose, design and

intent of John T. Mathis, Theodosia Mathis and Ellis F. Mathis to cheat, hinder, delay and defraud creditors, and the plaintiff in particular; that the later assignment by Ellis F. Mathis, under direction of his father, John T. Mathis, and in consideration of $1,000 attorney fee claimed by Thomas Tyler Robinson, was made by John T. Mathis, Ellis F. Mathis and Thomas Tyler Robinson with the purpose and intent to hinder, delay and defraud creditors, and that Thomas Tyler Robinson also knew of the fraudulent transfer of said note to Ellis F. Mathis. The court further found that the appellant Thomas Tyler Robinson had collected $1,050 on said trust deed note, which was more than was due to him. The court found as a fact that the said Robinson took and held title to said trust deed and note as a trustee for John T. Mathis and Theodosia Mathis, who were the beneficial owners thereof.

The findings of the court specifically sustain every allegation of fraud as made by plaintiff against the defendants, and find the allegations of fraud made by defendants against plaintiffs and cross-defendants to be untrue. In 12 California Jurisprudence, at page 1013: "A creditor receiving a preference may take only enough money or property to satisfy his debt. If the value of the property transferred exceeds the amount of the debt it is, therefore, evidence of a fraudulent intent, and the transaction should be subjected to the closest scrutiny. If there is an actual fraudulent intent in giving and taking the property, the transfer is void as against the other creditors of the debtor." We think the trial court correctly gave to plaintiff a lien on the Cole trust deed and note and on the payments thereon which had been made into court.

It is contended by the appellants that the execution sale of the Yorston trust deed note should have been set aside because of a grossly inadequate consideration. Appellants claim that the admitted value of said trust deed note is the sum of about $2,918.27, the sale price being $150.

In the joint answer of the defendants Mathis to the amended complaint it is alleged as affirmative matter that the amount due and unpaid on said trust deed note was the sum of $2,918.27, or thereabouts, and that the actual market value thereof was, at the time of the sale, and at the time of the filing of the answer, the unpaid balance as above set

forth. In the cross-complaint of the defendants Mathis there appears in substance the same allegation of value and this allegation is not denied in the answer of the plaintiffs to the cross-complaint.

The court, in response to the affirmative defense, specifically found that the actual value of said trust deed and note at the time of the sale or thereafter was not the unpaid balance due thereon, but was the sum of $150. The evidence upon which this finding is based is not contained in the bill of exceptions and therefore we must accept the findings as sustained by the evidence.

It is claimed by appellant that this finding is clearly outside of the issues raised by the pleadings and therefore a nullity. In presenting this question the appellants rely upon the rule stated in *Welch* v. *Alcott*, 185 Cal. 731 [198 Pac. 626], that a material allegation of a complaint which is not denied by the answer requires no finding thereon and a finding contrary to such undenied allegation should be disregarded. The facts in the cases cited by appellant differ from the facts in the case at bar. In this case the answer to the amended complaint made by all of the defendants Mathis alleges the value of said note and trust deed as a part of their second or affirmative defense and for the purpose of the action such allegation is deemed denied by the plaintiff. Section 462 of the Code of Civil Procedure says: "The statements of any new matter in the answer, in avoidance or constituting a defense or counterclaim, must, on the trial, be deemed controverted by the opposite party." This statutory provision is cited in 21 California Jurisprudence, at page 163, section 113, where it is said: "The law thus raises an implied replication, which takes the place of a reply, and relieves the plaintiff of any further pleading." This text is supported by many California cases cited thereunder. In 24 California Jurisprudence, at page 928, section 183, it is said: "Under the same system of express findings now provided for, full findings, unless waived, are required on all material issues . . . The requirement applies not only to issues raised by denials of the allegations of a complaint, but to issues raised upon affirmative defenses in the answer or upon a cross-complaint." (*Taylor* v. *Taylor*, 192 Cal. 71, 81 [51 A. L. R. 1074, 218 Pac. 756].) It is therefore clear that the answer of all the defendants having raised the issue of

the value of the trust deed note, it was the duty of the court to make a finding thereon, and the evidence upon that issue not having been brought to this court, the presumption must prevail that the finding is sustained by the evidence. The finding is clearly within the issues.

The allegation of value set out in the cross-complaint was based upon an allegation of the sole ownership of defendant Ellis F. Mathis in and to said trust deed and note. The court specifically found against the said allegation of ownership and under such finding the value of the note in so far as the cross-complaint is concerned became an immaterial issue, and the failure of plaintiff and cross-defendant to deny this allegation of value, as therein set out, in her answer to the cross-complaint was not material and had no bearing on the issue as formed by the amended complaint and answer thereto.

We believe the foregoing disposes of all the material points raised by appellants. The judgment is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 24, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 24, 1932.