[Civ. No. 1513.   First Appellate District.—August 25, 1915.]

JAMES M. THOMAS, as Administrator, etc., Respondent, v.
HENRY T. LALLY, Appellant.

JUDGMENT—REVIVAL OF—WRIT OF SCIRE FACIAS.—An order, in a pro-
ceeding under a *scire facias* asking for a revival of a judgment in
conformity with the laws of the state of Illinois, where the judg-
ment was obtained, to the effect that the judgment against the
defendant be revived and stand in full force and effect as at the
time of its rendition, and that the holder thereof have execution
thereon against the defendant, is in fact a judgment—a final de-
termination of the rights of the parties.

ID.—NEW CAUSE OF ACTION—STATUTE OF LIMITATIONS.—In such a case
the judgment revived by *scire facias* constitutes a new cause of
action, upon which the statute of limitations begins to run from its
rendition, and under section 336 of the Code of Civil Procedure, an
action thereon is not barred until five years.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   James M. Troutt, Judge.

The facts are stated in the opinion of the court.

William Hoff Cook, for Appellant.

Henry G. W. Dinkelspiel, and John R. Jones, for Re-
spondent.

KERRIGAN, J.—This is an action upon a judgment ob-
tained against the defendant in the state of Illinois.   More
than twenty years after the original judgment was given the
assignee thereof sued out a writ of *scire facias* asking for a
revival of the judgment against the defendant.   The defend-
ant appeared, filed a demurrer, which was overruled, and he
elected to "stand by his demurrer"; a default was taken and
entered against him, the record reading that the judgment
against the defendant be revived and to stand in full force
and effect as at the time of its rendition, and that the holder
thereof have execution thereon against the defendant.
Thereafter defendant made a motion in arrest of judgment,
which was denied.   Upon request he was granted permission
to take an appeal, but it appears that he failed to prosecute
it within the time or at all, and the judgment of the court

last referred to has never been reversed, modified, or set aside.

In the action in the court below the plaintiff recovered judgment as prayed and the defendant appeals.

From a reading of the record it appears that the court in the state of Illinois in which the original judgment was entered had jurisdiction both of the subject-matter and the parties. The record also shows that the order or judgment of revival was rendered in a proceeding in accordance with the course authorized by the laws of the state of Illinois. These propositions are not disputed by the defendant. He does, however, appear to contend that the action of the court taken in the proceeding to revive the judgment amounts to nothing more than an order for judgment and not a judgment. A glance at so much of the record of the court in Illinois as we have hereinabove set forth would seem to be a sufficient answer to that contention. Moreover, it is clear that what the court did in the premises is all that was required by the laws of Illinois in order that a judgment of that state might be revived. The record on its face shows that the order or direction of the court was in fact a judgment—a final determination of the rights of the parties. (Code Civ. Proc., sec. 577; *Leman* v. *Cunningham,* 12 Idaho, 135, [85 Pac. 212].)

Defendant also contends that even if the order of the court be regarded as a judgment of revival, it is not a new judgment, but a continuation of the old judgment and barred in this state by the provisions of section 336 of the Code of Civil Procedure, which section provides that an action upon a judgment or decree of any court of the United States or of any state within the United States must be commenced within five years. The authorities, however, hold that a revived judgment by *scire facias* constitutes a new cause of action, upon which the statute of limitations begins to run from its rendition. In *Brown* v. *Chaves,* 181 U. S. 70, [45 L. Ed. 752, 21 Sup. Ct. Rep. 515], Chief Justice Fuller said: "While it is true that *scire facias* for the purpose of obtaining execution is ordinarily a judicial writ to continue the effect of the former judgment, yet it is in the nature of an action because the defendant may plead to it, and in many cases it has been classified as, in substance, a new action (citing many cases). In these cases it was ruled that *scire facias* on a judgment

was not a mere continuation of a former suit, but created a new right."

In *Mann* v. *Cooper*, 2 App. D. C. 226, it was held that "A judgment upon a *scire facias* 'is in legal effect a new judgment, and the statute of limitations begins to run from its date anew.' " (See, also, *Packer* v. *Thompson*, 25 Neb. 688, [41 N. W. 650]; *Fagan* v. *Bently*, 32 Ga. 534; *Morton* v. *Valentine*, 15 La. Ann. 150.)

In the last mentioned case the court said: "The conclusion of the court upon the final hearing upon the *scire facias* is something more than an execution. It is a judgment. If so, then we are informed by the constitution of the United States and the act of Congress under it, what effect must be given to this judgment in Louisiana. It must have the same effect here that it has in the state of Mississippi."

This position is not in conflict with anything said in the case of *Doehla* v. *Phillips*, 151 Cal. 488, [91 Pac. 330]. It is clear from the authorities cited that a *scire facias* is unlike the proceeding authorized in California by section 685 of the Code of Civil Procedure, which provides that a judgment may be enforced after the lapse of the statutory time for commencing an action thereon; but that proceeding, as the court says in the case last cited, is "neither an action nor a special proceeding of a civil nature within the meaning of those terms as used in such statutes, nor in the nature of either."

Defendant does not claim in his briefs that the record of the Illinois court shows upon its face that the statute of limitations had run against plaintiff's right to revive the judgment by *scire facias;* nor could he very well do so, since if that be true, it is a matter which should have been corrected by an appeal to the appellate court in the state of Illinois.

The trial court did not abuse its discretion in denying defendant permission to file an amended answer.

Judgment affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 22, 1915.