(No. 26813.—

THE BANK OF EDWARDSVILLE, Appellee, *vs.* J. A. RAF-
FAELLE, Appellant.

*Opinion filed November 17, 1942—Rehearing denied Jan. 14, 1943.*

HENRY B. EATON, and ROBERT W. TUNNELL, for appellant.

J. F. EECK, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

On May 16, 1932, the plaintiff-appellee secured a judgment by confession in the circuit court of Madison county,

in vacation, against defendant-appellant for $3430.32. On April 30, 1941, the appellee, Bank of Edwardsville, commenced proceedings in the said circuit court under paragraph 24b, chapter 83, of the Illinois Revised Statutes, to revive, by *scire facias,* the judgment thus obtained and upon which nothing had been paid. The writ of *scire facias* was issued, delivered to the sheriff and returned "not found" in the county of Madison. Upon affidavit filed, it was ascertained that the appellant had formerly resided at Glen Carbon, Madison county, Illinois, but at the time the action was filed to revive the judgment he resided in the State of Wisconsin. Constructive service was then obtained by publication and mailing of notice by the clerk of the circuit court as provided in the statute. Subsequently the appellant entered his limited and special appearance for the purpose of filing a motion to quash service and dismiss the action for want of jurisdiction over the person of the appellant. The court denied the motion to quash the service, and thereafter defaulted appellant and revived the judgment as asked for by appellee. A motion by appellant to set aside the judgment was also denied. Because a constitutional question is involved, the appeal is brought to this court. There is no complaint that the proceedings to revive the judgment are not regular and in compliance with the provisions of the statutes of Illinois.

The sole question raised by appellant pertains to the constitutionality of section 14 of the Civil Practice Act, (Ill. Rev. Stat. 1939, chap. 110, par. 138,) providing for constructive service on a nonresident defendant in an action to revive a judgment or decree. It is the contention of the appellant that said section 14, insofar as it provides for revival of judgment against a nonresident of Illinois, without personal service of process but by constructive service by publication and without a general appearance in court by said nonresident, violates section 2 of article II of the constitution of Illinois and also section 1 of the fourteenth amendment to the constitution of the United

States, in that it denies a nonresident due process of law. In other words, that the original judgment, after seven years, becomes dormant and the revival of same is equivalent to a judgment *in personam* and requires personal service to be valid.

There is no doubt that where a defendant is a nonresident of the State, and the proceeding is *in personam,* publication will not give a court original jurisdiction over the person of the defendant, notwithstanding the nonresident may receive the notice, and a judgment *in personam* based upon constructive service is null and void. (*Griffin* v. *County of Cook,* 369 Ill. 380; *Bickerdike* v. *Allen,* 157 id. 95.) It has also been held that constructive service in proper cases is due process of law. In *People* v. *Niesman,* 356 Ill. 322, this court said "An orderly proceeding in which a person is served with notice, actual or constructive, and has an opportunity to be heard and to protect and enforce his rights before a court having power to hear and determine the cause, is due process of law." In *Bickerdike* v. *Allen, supra,* this court by way of *dictum* stated that a revival of a judgment by *scire facias* was a proceeding not *in rem* but *in personam,* and that publication and mailing notice as provided in section 26 of the Practice Act, as then in force, without personal service or entry of appearance, would not be valid against a nonresident. In that case it was not necessary for the court to pass upon that question. The defendant was a resident of Illinois, and the court did hold that constructive service by publication and mailing to a resident of the State was *prima facie* valid in a collateral proceeding. The court also held that a proceeding by *scire facias* to revive a judgment is not a new suit but merely the continuation of the old one. The case also held that the theory of the law is that when a man's property is brought under the control of the court by seizure, such seizure informs and notifies him of the proceeding taken for its sale and that in such cases constructive notice is permitted

The *scire facias* proceeding does not determine the obligations of the defendant to the plaintiff, as involved in the original controversy and which were disposed of by the former judgment, but merely seeks a revival of the former judgment in order to have execution on it. The only defenses which can be set up in a *scire facias* proceeding are that no judgment was rendered, or, if one was rendered, it has been satisfied or discharged. (*Smith* v. *Stevens*, 133 Ill. 183.) In *Collin County National Bank* v. *Hughes*, 155 Fed. 389, it was held that constructive service on a nonresident defendant in *scire facias* proceedings to revive a judgment may be valid. After analyzing authorities from several State courts, the court said, "These authorities show that the common law, the practice under it, and the decisions of the Courts that a judgment of revivor may be rendered in the jurisdiction in which the original judgment was recorded, upon the issue of a Writ of Scire Facias and its service in such manner as the Court may direct upon the defendant, who is without the territorial jurisdiction of the Court in which the record remains, is undisputed."

The legislature of Illinois passed the statute providing that no execution shall issue upon any judgment after the expiration of seven years from the time the same becomes a lien, except upon the revival of the same by *scire facias*. (Ill. Rev. Stat. 1941, chap. 77, par. 6.) Surely if the legislature had the power to place such a limitation on judgments generally, it also had the power to pass said section 14, providing for the mode and method of reviving such judgment by *scire facias*, where the debtor is a nonresident. The revival of a judgment in the manner provided by that section is not parallel to the starting of a new suit to secure a personal judgment.

The procedure followed in the instant case was entirely prescribed by our statutes, and section 14, *supra*, is not unconstitutional. The judgment of the circuit court should be and is affirmed.

*Judgment affirmed.*