PATROSSO, J.
 

 This action was filed November 14, 1952, upon a judgment obtained by plaintiff’s assignor against defendant, in the Circuit Court of the State of Oregon, for the County of Multnomah, and from a judgment in favor of plaintiff both parties appeal. The judgment sued upon was rendered April 27, 1937, and under the applicable Oregon law action thereon would be barred 10 years thereafter. However, pursuant to the provisions of an Oregon statute hereafter referred to, the Oregon court by which the judgment was rendered, on April 4, 1949, made an order that the judgment be renewed and remain in full force and effect for a period of 10 years from the date of the order.
 

 It is in effect conceded that but for the order last mentioned this action was barred by our statute of limitations, which was unsuccessfully pleaded by defendant. The plaintiff, however, contends that the order renewing the judgment is in effect a new judgment upon which the statute of limitations begins to run from its rendition, while defendant asserts that the order of April 4,1949, is not a new judgment, but a continuation of the original judgment.
 

 The authorities are not harmonious upon the question as to whether proceedings for renewal of a judgment by motion or the equivalent of the common law writ of
 
 scire facias
 
 constitute a new action or a mere continuation of the old, and hence whether the order of revival constitutes a new judgment, as a result of which the statute of limitations commences to run anew from the date of the order of renewal. (See 50 C.J.S., p. 447, § 871(2).) The greater weight of authority and the modern view, however, appear to be that such proceedings are but a continuation of the original suit. (49 C.J.S., p. 1005, §548(a); anno., 36 A.L.R.2d 575, et seq.; anno., 144 A.L.R. 408, et seq.) The adoption of the latter view seems to have been prompted, in some measure at least, by the decision of the Supreme Court of the United
 
 *887
 
 States in
 
 Owens
 
 v.
 
 McCloskey
 
 (1896), 161 U.S. 642 [16 S.Ct. 693, 40 L.Ed. 837], wherein it was held that if a revival of a judgment by
 
 scire facias
 
 be treated as a new action, the order of revival is not entitled to full force and credit unless predicated upon personal service upon the judgment debtor within the state of notice of such revival proceedings, which was not had in this ease. Thus in
 
 Bank of Edwardsville
 
 v.
 
 Raffaelle
 
 (1942), 381 Ill. 486 [45 N.E.2d 651, 144 A.L.R. 401], the Supreme Court of Illinois held that a
 
 scire facias
 
 proceeding to revive a judgment was not equivalent “to the starting of a new suit to secure a personal judgment,” and hence that there was no constitutional objection to the entry of an order of revival as against a nonresident defendant pursuant to the service of constructive notice of the proceeding by publication.
 

 It is now settled that the character of the proceeding for the revival of a judgment, whether a new action or merely a continuation of that in which the original judgment was rendered, is (at least for the purpose of determining whether the order or judgment newly entered therein is entitled to full faith and credit under the federal Constitution) to be determined by the law of the state where such proceedings were had and not those of the foreign forum wherein the revival judgment is sought to be enforced.
 
 (Union Nat. Bank
 
 v.
 
 Lamb
 
 (1949), 337 U.S. 38, 44 [69 S.Ct. 911, 93 L.Ed. 1190, 1195-1196].) Hence, we must look to the law of Oregon for a solution of the question which confronts us, and as our search has failed to reveal any decision by the courts of that state determinative thereof, it becomes necessary to consider the statutes of Oregon pursuant to which the order in question was made.
 

 Section 18.360, Oregon Revised Statutes, reads as follows:
 

 “Whenever, after the entry of a judgment, a period of 10 years shall elapse, the judgment and the lien thereof shall expire. However, before the expiration of 10 years the circuit court in which such judgment was docketed, on motion, may renew such judgment and cause a new entry of the same to be made in the judgment docket, after which entry the lien of the judgment shall continue for another 10 years unless sooner satisfied, and after which entry execution may issue upon such judgment for another 10 years. ’ ’
 

 It will be noted that the foregoing section provides that the court may make the order of renewal “on motion,” and section 16.730 provides that “Notice of a motion is not neces
 
 *888
 
 sary except when required by statute, or when directed by the court or judge in pursuance thereof.” Our examination of the Oregon statute fails to reveal any requirement that notice shall be given of the motion mentioned in section 18.360 quoted above, and the transcript of the judgment in evidence contains no statement that notice of any kind was given of the motion unon which the order was made.
 

 The fact that the order of revival may be made ex parte and without notice affords some evidence that it was not intended that the proceeding (motion) should be treated as a new action nor that the order should be considered as a new judgment in view of the grave constitutional question which would thereby be presented.
 
 (Owens
 
 v.
 
 McCloskey, supra;
 
 see also
 
 Thompsons v. Cook
 
 (1942), 20 Cal.2d 564, 569, et seq. [127 P.2d 909].) Applicable here is the principle that of different constructions of which a statute is susceptible, that will be adopted which will make it valid and constitutional. (See
 
 Swift & Co.
 
 v.
 
 Peterson
 
 (1951), 192 Ore. 97 [233 P.2d 216, 222].) Persuasive to the same result is the language of the statute: “. . . the circuit court in which such judgment was docketed . . . may
 
 renew such judgment
 
 and cause a
 
 new entry
 
 of the
 
 same
 
 to be made in the judgment docket, after which entry the lien of the
 
 judgment
 
 shall continue for another 10 years ...” Thus it would appear that the word “judgment” as used throughput the section refers to the original judgment—not a new one. Indeed, there is no provision for the entry of a new judgment, but only “a new entry” of the old. A reading of the order of revival here also fortifies this view. It reads, in part, as follows: “It further appearing that plaintiff is entitled to have
 
 said judgment kept alive
 
 by the renewal thereof by order of Court for ten years. It is ordered that the judgment of the plaintiff herein against the defendant herein be and the same is renewed at the date hereof and
 
 shall remain in full force and effect
 
 for a period of ten years from the date of this order. ...” (Emphasis added.)
 

 Plaintiff contends that a different result is dictated by
 
 Thomas
 
 v.
 
 Lally
 
 (1915), 28 Cal.App. 308 [152 P. 53], wherein it was held that the revival by
 
 scire facias
 
 of an Illinois judgment constituted a new cause of action, and that the California statute of limitations commenced to run from the date of the order of renewal rather than the date of the original judgment. The opinion, however, proceeds upon the erroneous assumption that a proceeding to revive a judg
 
 *889
 
 ment by
 
 scire facias
 
 in every case constitutes “a new cause of action, ’ ’ and seemingly the court was not cognizant of the fact that the contrary is true in Illinois.
 
 (Bickerdike
 
 v.
 
 Allen
 
 (1895), 157 Ill. 95 [41 N.E. 740, 742, 29 L.R.A. 782], and
 
 Bank of Edwardsville
 
 v.
 
 Raffaelle, supra.)
 

 We, therefore, conclude that the Oregon proceedings resulting in the order of revival was not a new suit but merely a continuation of the old, and hence that the instant action was upon the original judgment and barred by limitation. This conclusion renders moot plaintiff’s appeal from the judgment, and it is dismissed. The judgment is reversed, defendant to recover his costs of appeal.
 

 Bishop, Acting P. J., concurred.