**Frances I. TILLINGHAST**
v.
**Fred H. TILLINGHAST.**

Civ. A. No. 68-1-SA.

United States District Court
W. D. Texas,
San Antonio Division.

June 13, 1968.

Earle Cobb, Jr., San Antonio, Tex., for plaintiff.

Mark V. Fuchs, New Braunfels, Tex., for defendant.

SPEARS, Chief Judge.

Plaintiff brought this suit on January 3, 1968 seeking recovery from defendant of certain monies alleged to be due and owing pursuant to a "Community Property Settlement or Agreement" entered into by the plaintiff and the defendant in August of 1942, in connection with a California divorce proceeding. Having concluded that there is no genuine issue as to any material fact, and that defendant is entitled to judgment as a matter of law, his motion for summary judgment is granted.

One of the provisions contained in said agreement called for payment to the plaintiff by the defendant of the sum of $75.00 per month, commencing on September 1, 1942, said payments to continue during the lifetime of plaintiff, or until her remarriage. The agreement was duly and properly executed, approved by the Court, and the provisions thereof made a part of the decree

of divorce entered on October 22, 1943, in the Superior Court of Sacramento County, California.

The defendant, after complying with the provisions of the contract by paying the monthly installments until May 1, 1945, thereafter defaulted in making such payments. No action was taken by plaintiff, however, until about 20 years later when, in the same case, on May 20, 1965, she (being still unmarried) filed a written notice of a motion for an order directing issuance of a writ of execution on the 1943 judgment. On July 12, 1965, the Court denied defendant's motion to quash service of plaintiff's said notice of motion, and ordered that execution issue on what was referred to as a "dormant judgment". Plaintiff's suit in this Court, in effect, seeks enforcement of the 1965 order entered by the California Court.

Article 4, § 1 of the Constitution of the United States provides that: "Full Faith and Credit shall be given in each State to the Public Acts, Records, and Judicial Proceedings of every other State".

In Union National Bank of Wichita, Kansas v. Lamb, 337 U.S. 38, 69 S.Ct. 911, 93 L.Ed. 1190 (1949), the Supreme Court held that where a judgment has been revived by a decision which, under the law of the state rendering it, is a new judgment, and does not merely extend the statutory period in which to enforce the old judgment, the judgment of revival is entitled to recognition in any other state under the full faith and credit clause, and such recognition may not be refused on the ground that under the law of the forum the original judgment could not, because of lapse of time, have been revived at the time it was revived. See 17 L.Ed.2d 952, at 958.

In view of the lapse of almost 20 years before action was taken, and the fact that the defendant had been a resident of this state for more than ten years preceding the date the California action was instituted against him in 1965, he could not be held liable under Texas law. Articles 5530 and 5532, Vernon's Annotated Texas Civil Statutes.[1] However, California law provides that judgments may be enforced or carried into execution after the lapse of its statutory period of ten years, "by judgment for that purpose founded upon supplemental proceedings". Section 685, California Code of Civil Procedure.[2]

The proceedings in 1965 were instituted in the original cause of action, pursuant to said Section 685, seeking issuance of a writ of execution upon a judgment alleged by plaintiff to be "otherwise barred by the statute of limitations". The Court's order of July 12, 1965, directing issuance of the writ on a "dormant judgment", recited, among other things, that there was due and owing on such judgment, monthly installments of $75.00 each from June 1, 1945 to and including the 1st day of May,

1. Article 5530 Vernon's Ann.Civ.St.: "Every action upon a judgment or decree rendered in any other State or territory of the United States, in the District of Columbia or in any foreign country, shall be barred, if by the laws of such State or country such action would there be barred, and the judgment or decree be incapable of being otherwise enforced there; and whether so barred or not, no action against a person who shall have resided in this State during the next ten years preceding such action shall be brought upon any such judgment or decree rendered more than ten years before the commencement of such action".
Article 5532 (V.A.T.S.): "A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after date of such judgment and not after".

2. Section 685 (C.C.C.P.) reads in pertinent part: "Judgment in all cases may also be enforced or carried into execution after the lapse of 10 years from the date of its entry, by judgment for that purpose founded upon supplemental proceedings; but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation at the time of the passage of this act".

1965, in the total principal sum of $15,-000.00, together with accrued interest of $10,500.00. Under the circumstances, this Court is of the opinion that the order of July 12, 1965 simply extended the statutory period for the enforcement of the judgment which had been entered in 1943, and did not constitute a new judgment entitled to recognition in this state under the full faith and credit clause. This conclusion is not inconsistent with the case law in California.[3] Accordingly, an order granting defendant's motion for summary judgment has been entered coincident herewith.

---

**3.** See Doehla v. Phillips (1907), 151 Cal. 488, 91 P. 330; Thomas v. Lally (1915) 152 P. 53; Murphy v. Davids (1921), 55 Cal.App. 416, 203 P. 802; Ladd v. Mathis (1932), 125 Cal.App. 535, 13 P.2d 1012; Faias v. Superior Court etc. (1933) 133 Cal.App. 525, 24 P.2d 567; Tolle v. Doak (1936) 12 Cal.App.2d 195, 55 P.2d 542. See also Jacobs v. Sprague (1955), 131 Cal.App.2d Supp. 885, 280 P.2d 919, which cites Union National Bank of Wichita, Kan. v. Lamb, 337 U.S. 38, 69 S.Ct. 911, 93 L.Ed. 1190 (1949).