Docket No. 88530–Agenda 14–May 2000.

SAM SARKISSIAN, As Parent and Guardian of Sonya Sarkissian, a Minor, Appellee, v. THE CHICAGO BOARD OF

 EDUCATION, Appellant.

Opinion filed January 29, 2001.

JUSTICE MILLER delivered the opinion of the court:

The plaintiff, Sam Sarkissian, as parent and guardian of Sonya Sarkissian, a minor, obtained a default judgment against the defendant, the Chicago Board of Education, in the circuit court of Cook County after the Board failed to appear in this personal injury action. The circuit court later vacated the default judgment as void, finding that the Board had not been properly served with summons. The appellate court reversed, holding that service was proper. 308 Ill. App. 3d 137. We allowed the Board’s petition for leave to appeal (177 Ill. 2d R. 315(a)), and we now reverse the judgment of the appellate court and affirm the judgment of the circuit court.

The procedural history of this case requires only a brief recitation. Sam Sarkissian, as parent and guardian of Sonya Sarkissian, a minor, commenced the present action on January 26, 1988, by filing a complaint in the circuit court of Cook County. The complaint alleged that Sonya sustained injuries while a student at a Chicago public school on September 24, 1985, when school authorities failed to promptly summon or render appropriate medical assistance after Sonya had an epileptic seizure. According to the complaint, the Board and its agents were aware, prior to that time, that Sonya had epilepsy. A copy of the plaintiff’s complaint was left with the receptionist for the Board’s attorney on February 1, 1988. The Board never answered the complaint or otherwise entered an appearance, however, and a default judgment was entered against it on April 17, 1990, awarding the plaintiff $10 million in damages.

After a lengthy and unexplained delay, the plaintiff moved to revive the default judgment on August 25, 1997. See 735 ILCS 5/12–108(a) (West 1998) (requiring plaintiff to file petition to revive judgment that is more than seven years old). It appears that the Board did not receive notice of the default judgment until September 2, 1997, when it received a copy of the plaintiff’s revival petition. The Board then moved to vacate the default judgment as void. The Board argued that the circuit court lacked jurisdiction in this case because the Board had never been properly served with summons. Section 2–211 of the Code of Civil Procedure required that, with respect to an entity like the Board, summons be served on “the president, clerk, or officer corresponding thereto.” In the present case, the summons was not addressed to any specific individual, and apparently it was left with a receptionist in the Board’s law department. The Board contended that service did not comply with the requirements of section 2–211, and that the circuit court therefore never acquired jurisdiction over it.

The circuit court agreed with the Board, concluding that service in this case was not in compliance with the statute. In the alternative, the plaintiff argued that the Board was equitably estopped from challenging service in this case because of the Board’s frequent acceptance of service at its law department in the past. The circuit judge rejected this contention as well. In an order entered July 21, 1998, the court vacated the default judgment previously entered against the Board. At the same time, the court authorized the issuance of an alias summons to the Board. That summons, addressed to the president of the Board, was apparently served the following week.

The plaintiff appealed from the order of the circuit court vacating the default judgment. As a preliminary matter, the appellate court rejected the Board’s objection that the court lacked jurisdiction over the appeal; unlike the Board, the appellate court believed that the order vacating the default judgment was a final, appealable order. On the merits of the case, the appellate court held that the Board had been properly served under section 2–211 of the Code of Civil Procedure. Finding the statute to be ambiguous, the appellate court analyzed the position and duties of the Board’s attorney and concluded that the attorney qualified as a person who could be served under that provision. The appellate court further believed that the attorney could delegate to the receptionist for the law department the duty of receiving process. 308 Ill. App. 3d at 151-52. The appellate court therefore reversed the circuit court order vacating the default judgment and remanded the cause for further proceedings. We allowed the Board’s petition for leave to appeal (177 Ill. 2d R. 315(a)). We granted leave to the Illinois Association of School Boards, the Illinois Association of Park Districts, the Illinois Library Association, and the Illinois Governmental Association of Pools to submit a joint brief as 
amici curiae 
in support of the Board. 155 Ill. 2d R. 345.

We are met at the outset with a challenge to our jurisdiction in this appeal. The Board renews here its argument that the order of the circuit court vacating the default judgment was not a final, appealable order. In support of its jurisdictional objection, the Board observes that the plaintiff’s complaint was still pending in the circuit court at the time the plaintiff purported to appeal from the adverse order. In the proceedings below, the circuit judge entered an order on July 21, 1998, vacating the default judgment as void. At the same time, the judge authorized the issuance of an alias summons, and one addressed to the Board president apparently was left with an employee of the Board on July 28, 1998. After that, the plaintiff filed a notice of appeal on August 17, 1998, under Rule 303 (155 Ill. 2d R. 303). Thus, at the same time the plaintiff filed the appeal from the circuit court order vacating the default judgment, the plaintiff’s action was pending in the circuit court. For these reasons, the Board contends that the order entered by the circuit court vacating the default judgment should not in this case be considered a final, appealable order.

Cases from the appellate court are divided on this question. Some decisions of the appellate court have ruled that an order vacating a default judgment on grounds of improper service is a final, appealable order. See 
Cavanaugh v. Lansing Municipal Airport
, 288 Ill. App. 3d 239 (1997); 
DiNardo v. Lamela
, 183 Ill. App. 3d 1098 (1989); 
In re Marriage of Kelso
, 173 Ill. App. 3d 746 (1988); 
Connaughton v. Burke
, 46 Ill. App. 3d 602 (1977). Other decisions, however, have reached the opposite conclusion. See 
Nelson v. United Airlines, Inc.
, 243 Ill. App. 3d 795 (1993); 
Stankowicz v. Gonzalez
, 103 Ill. App. 3d 828 (1981); 
Mares v. Metzler
, 87 Ill. App. 3d 881 (1980). The appellate court below cited the decision in 
Cavanaugh 
in support of its conclusion that it had jurisdiction over the present appeal. 308 Ill. App. 3d at 147-48.

Cavanaugh 
in turn relied on this court’s opinion in 
Brauer Machine & Supply Co. v. Parkhill Truck Co.
, 383 Ill. 569 (1943), and it is that precedent that the plaintiff cites for the contention that the order of the circuit court vacating the default judgment was a final, appealable order. In 
Brauer
, this court considered whether an order quashing service of summons on a foreign corporation was a final, appealable order. The court concluded that the order was final and appealable, explaining:

“It is true, the order, in form, was only an order quashing the service of the summons. It was not an order dismissing the suit, nor was it in the form of a final judgment on the merits. Regardless of its form, however, it was a complete and final disposition of the case, based upon the conclusion the court had reached that appellee was not amenable to the service of process in the manner in which the summons was served. On that issue it was not only as effectual and conclusive but it was as final as any decision upon the merits. The result was the same.

If it should be held that an order of this character is not appealable, then there would be no method by which a plaintiff could obtain a review of an order of the trial court quashing the service of process.” 
Brauer
, 383 Ill. at 577-78.

The Board argues that 
Brauer 
is distinguishable from the present case, however, because in 
Brauer 
the defendant was not amenable to service of process, and the case was effectively at an end. The court stated:

“If an order quashing the service of process is not an appealable order, then the cause would be left on the docket of the trial court, undisposed of in form only, when, as a matter of fact, to all intents and purposes the cause was, in fact, finally disposed of. The plaintiff could not proceed further, except by obtaining service in some other manner. The facts alleged in this case, which must be accepted as true, show that service could not be obtained in any other manner. The order quashing the service was, therefore, as final and conclusive as any order which could have been entered. It was a decision on an issue which effectively barred any further proceedings by the plaintiff against the sole defendant in the cause. It was the only order the court was authorized to enter. To hold that no appeal would lie from such an order would be to leave appellant in the position of having its suit finally disposed of and deny to it the right to have that order reviewed.” 
Brauer
, 383 Ill. at 578.

In the present case, in contrast, the order entered by the circuit court was not a final disposition of the matter. Here, the only impediment to proper service, and obtaining jurisdiction over the defendant, was the identity of the person who received the summons. The Board of Education is amenable to service, and the circuit court in the present case authorized the issuance of an alias summons to the Board.

We do not interpret 
Brauer 
as establishing a rule that any order quashing service is a final, appealable order. Rather, we believe that the character of an order depends on the circumstances of the case. In some instances, as in 
Brauer
, it is properly characterized as final and appealable. In other cases, however, it is not. The circuit court’s action here left the entire case at issue, and it manifested the judge’s intent to retain jurisdiction over the matter. See 
Nelson v. United Airlines, Inc.
, 243 Ill. App. 3d 795, 800 (1993). For these reasons, we do not believe that the order vacating the default judgment in this case may properly be characterized as a final, appealable order.

Contrary to the view expressed by Chief Justice Harrison in his dissent, the Board’s motion challenging the default judgment was not based on section 2–1401 of the Code of Civil Procedure. 735 ILCS 5/2–1401 (West 1998). That provision was not available to the Board as a remedy in this case. Although the Board refers to section 2–1401 in its motion and its brief, it does so only to distinguish the provision from the remedy it is pursuing here. See 
R.W. Sawant & Co. v. Allied Programs Corp.
, 111 Ill. 2d 304, 309-10 (1986); 735 ILCS 5/2–1401(f) (West 1998) (“Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief”). A petition for relief from judgment under section 2–1401 must be filed within two years after entry of the judgment being challenged. 735 ILCS 5/2–1401(c) (West 1998). In the present case, the Board was attacking a judgment that was more than seven years old, and therefore it could not have proceeded under section 2–1401. A void judgment may be challenged at any time, however, and the Board properly did so by motion. See 
State Bank v. Thill, 
113 Ill. 2d 294, 308-09 (1986); 
Cavanaugh v. Lansing Municipal Airport, 
288 Ill. App. 3d 239, 246 (1997); 
In re Marriage of Parks, 
122 Ill. App. 3d 905, 909 (1984). Because the Board was not proceeding under section 2–1401, the appeals rule cited by Chief Justice Harrison in his dissent, Rule 304(b)(3) (155 Ill. 2d R. 304(b)(3)), could not have been used in this case.

Although we have found that the circuit court order vacating the default judgment was not a final, appealable order, and therefore appellate jurisdiction is lacking, the defendant urges us to address the merits of the case. The defendant contends that a decision on the merits is appropriate here because of the substantial amount of time that has passed since the inception of the litigation, and because of the likelihood that the issue regarding proper service will be raised again on appeal if the present case is returned, unresolved, to the circuit court. We agree with the Board that our consideration of the appeal on its merits is appropriate in these circumstances (see 
Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.
, 63 Ill. 2d 61, 67-68 (1976)), and we now turn to that issue.

Section 2–211 of the Code of Civil Procedure, regarding service of summons on public entities, provides:

“In actions against public, municipal, governmental or quasi-municipal corporations, summons may be served by leaving a copy with the chairperson of the county board or county clerk in the case of a county, with the mayor or city clerk in the case of a city, with the president of the board of trustees or village clerk in the case of a village, with the supervisor or town clerk in the case of a town, and with the president or clerk or other officer corresponding thereto in the case of any other public, municipal, governmental or quasi-municipal corporation or body.” Ill. Rev. Stat. 1987, ch. 110, par. 2–211 (now codified at 735 ILCS 5/2–211 (West 1998)).

In this case, the summons was delivered to the receptionist for the Board’s legal department. The plaintiff argues, and the appellate court agreed, that this was sufficient under section 2–211. The appellate court found the statute to be ambiguous but reasoned that the Board’s counsel fit within the category of “other officer corresponding thereto.” The court also believed that service on the law department’s receptionist was proper because the Board’s attorney could delegate that task to the receptionist. 308 Ill. App. 3d at 151-52. Challenging the appellate court’s determination, the Board argues that its attorney, though holding an office for purposes of certain provisions of the School Code, is not an officer corresponding to a president or clerk under section 2–211 of the Code of Civil Procedure, and therefore does not qualify as a person who may be served.

The question before us is one of statutory interpretation. The fundamental tenet of construction is to ascertain and give effect to the intention of the legislature. 
Varelis v. Northwestern Memorial Hospital
, 167 Ill. 2d 449, 454 (1995); 
Business & Professional People for the Public Interest v. Illinois Commerce Comm’n
, 146 Ill. 2d 175, 207 (1991). In performing that task, a court should look first to the words of the statute (
Metropolitan Life Insurance Co. v. Washburn
, 112 Ill. 2d 486, 492 (1986)), for the language used by the legislature is the best indication of legislative intent (
Kirwan v. Welch
, 133 Ill. 2d 163, 165 (1989); 
County of Du Page v. Graham, Anderson, Probst & White, Inc.
, 109 Ill. 2d 143, 151 (1985)). When the statutory language is clear and unambiguous, no resort is necessary to other interpretive tools. 
Henry v. St. John’s Hospital
, 138 Ill. 2d 533, 541 (1990).

We find no ambiguity in the requirements of section 2–211. See 
Cavanaugh v. Lansing Municipal Airport
, 288 Ill. App. 3d 239, 245 (1997); 
Miller v. Town of Cicero
, 225 Ill. App. 3d 105, 113-14 (1992). Under the terms of the statute, proper service is achieved on a county by leaving the summons with the chairperson of the county board or with the county clerk. In the case of a city, service is proper on the mayor or city clerk. For a village, service may be effected on the president of the village board of trustees or the village clerk. For a town, service is proper on the town supervisor or town clerk. For any other entity subject to the statute, service is proper on “the president or clerk or other officer corresponding thereto.”

The Board has a president, but it does not have a clerk. The Board contends that its secretary is properly considered the “other officer corresponding thereto” under the language of section 2–211. We agree. The statute expresses the unambiguous intent to authorize service on either the head of the particular entity or on the person who performs clerical and record-keeping functions for the entity. Clearly, the latter person, in the case of an entity that does not have a designated clerk, would be the secretary. The Board has a secretary (see Ill. Rev. Stat. 1987, ch. 122, par. 34–19 (now codified at 105 ILCS 5/34–19 (West 1998)), and we believe that it is that person who, in the language of section 2–211, corresponds to the position of clerk.

In support of the appellate court’s result in this case, the plaintiff cites section 34–11 of the School Code, which specifies the functions and duties of the Board’s attorney. Ill. Rev. Stat. 1987, ch. 122, par. 34–11 (now codified at 105 ILCS 5/34–11 (West 1998)). Section 34–11 provides:

“The board by a majority vote of its full membership shall appoint an attorney who shall have charge and control, subject to the approval of the board, of the law department and of all litigation, legal questions and such other legal matters as may be referred to the department by the board or by the general superintendent of schools. Appointments, promotions and discharge of assistant attorneys shall be made by a majority of the board upon recommendation of the attorney or by a majority vote of the full membership of the board. The attorney shall hold this office for an indefinite term subject to removal by a majority vote of the full membership of the board.”

In essence, the plaintiff argues that the Board’s attorney is an “officer corresponding thereto” under section 2–211 because the attorney holds an office and is in charge of the Board’s legal affairs. We do not agree.

In the case of the Board, section 2–211 requires that the person receiving the summons be “the president or clerk or other officer corresponding thereto.” Although the Board’s counsel might properly be characterized as holding an office, at least in some of the provisions of the School Code, we do not believe that counsel can be said to be an officer “corresponding” to either a president or a clerk, for purposes of receiving summons under section 2–211 of the Code of Civil Procedure. Counsel clearly is not the president of the Board. Moreover, counsel’s law-related duties do not match, or correspond to, the clerical and record-keeping functions associated with a clerk–or with a secretary.

Finally, we note that section 34–3(b) of the School Code refers to the Board’s secretary as an “employee.” 105 ILCS 5/34–3(b) (West 1998). The appellate court below apparently took this as evidence that the secretary is not an officer of the Board, for purposes of receiving summons under section 2–211. 308 Ill. App. 3d at 151. The cited provision states, “The secretary of the Board shall be selected by the Board and shall be an employee of the Board rather than a member of the Board, notwithstanding subsection (d) of Section 34–3.3.” 105 ILCS 5/34–3(b) (West 1998). Section 34–3.3(d) refers to the appointment of a new board upon the expiration of the terms of office of a reform board of trustees. 105 ILCS 5/34–3.3(d) (West 1998). We do not construe section 34–3(b) of the School Code as affecting the secretary’s status as one designated to receive service of summons under section 2–211 of the Code of Civil Procedure. Section 34–3(b) merely provides that the secretary is chosen by the Board and may not be a member of the Board; in that sense the secretary is an employee of the Board. By the same reasoning, however, the Board’s attorney must also be deemed an employee of the Board, for that person is similarly selected by the Board.

Given our result in this case, we need not consider the additional question whether, if service on the Board’s attorney is proper under section 2–211, service on the attorney’s receptionist would also be proper. Also, the plaintiff had previously argued that the Board was estopped from challenging the sufficiency of service in this case because of the Board’s past practice of accepting service on its legal department. The plaintiff has elected not to pursue that issue before this court, however, and therefore we do not address that question, either. We note, however, that the Board’s appearances in other cases, after being served with summons in the manner attempted here, do not by themselves excuse the plaintiff’s lack of compliance with the statute in this case.“ ‘ “The principle is too elementary to need discussion that a court can only acquire jurisdiction of a party, where there is no appearance, by the service of process in the manner prescribed by law.” ’ ” 
Miller v. Town of Cicero
, 225 Ill. App. 3d 105, 110 (1992), quoting 
Amy v. City of Watertown
, 130 U.S. 301, 317, 32 L. Ed. 946, 952, 9 S. Ct. 530, 536 (1889).

For the reasons stated, the judgment of the appellate court is reversed, the judgment of the circuit court of Cook County is affirmed, and the cause is remanded to the circuit court of Cook County for further proceedings.

Appellate court judgment reversed;

circuit court judgment affirmed;

cause remanded.

CHIEF JUSTICE HARRISON, dissenting:

In addressing the appellate court’s jurisdiction, the majority suggests that our court has the authority to overlook jurisdictional barriers on an 
ad hoc
 basis whenever we deem it appropriate. The court has taken this view before in both civil (
In re Marriage of Skahan
, 178 Ill. 2d 577 (1998)) and criminal (
People v. Ruiz
, No. 87204 (October 26, 2000)) cases, and I continue to believe that it is contrary to law. Although our constitution confers on this court the power to define when interlocutory appeals may be taken, it does not authorize us to proceed on a case-by-case basis. The right to appeal must be established by rule.

The terms of the 1970 Illinois Constitution are clear. Under article VI, section 6, final judgments may be appealed as a matter of right from the circuit court to the appellate court, but there is no corresponding constitutional right to appeal from interlocutory orders of the circuit court. Rather, the constitution vests this court with the authority to provide for such appeals by rule. Ill. Const. 1970, art. VI, §6. Except as specifically provided by rule, the appellate court is without jurisdiction to review judgments, orders or decrees which are not final.
 Almgren v. Rush-Presbyterian-St. Luke’s Medical Center
, 162 Ill. 2d 205, 210 (1994).

The majority’s periodic refusal to adhere to this principle is distressing. It is especially distressing in this case because it is unnecessary to the disposition. There is no need for any special exception here. The appeal is already permitted by our rules of court.

The order at issue in this case granted the Board of Education’s motion to vacate a default judgment. The Board’s motion was premised on section 2–1401 of the Code of Civil Procedure (735 ILCS 5/2–1401 (West 1998)), which is the proper vehicle for attacking a default judgment (see, 
e.g.
, 
Smith v. Airoom, Inc.
, 114 Ill. 2d 209 (1986)). Our Rule 304(b)(3) (155 Ill. 2d R. 304(b)(3)) specifically authorizes appeals from orders granting relief sought in a section 2–1401 petition. Where a court grants or denies relief in a proceeding to set aside a default judgment under section 2–1401, the appellate court has jurisdiction to consider an immediate appeal from the circuit court’s order. That is so even where, as here, the petition to vacate the default judgment is based on the claim that the judgment is void for lack of personal jurisdiction. See 
Klein v. La Salle National Bank
, 155 Ill. 2d 201 (1993).

The majority assails this analysis with the perplexing claim that the Board’s motion to set aside the default judgment was not based on section 2–1401. The claim is perplexing because it is factually incorrect. The Board’s motion, which is appended to its brief and included in the record beginning on page C-55, expressly invokes the provisions of section 2–1401. The Board also expressly invokes section 2–1401 in the brief it filed with our court.

It is true that the Board’s motion was brought well beyond the normal time limits set by section 2–1401. Those time limits, however, are not inviolate. If the opposing party does not challenge the timeliness of a section 2-1401 petition, the limitations period will be deemed waived. 
People v. Ross
, 191 Ill. App. 3d 1046, 1053 (1989). There was no such challenge to the timeliness of the Board’s petition in this case. 

Even if the timeliness of the petition had been properly challenged, the challenge would have been unavailing. It is well settled that neither the two-year limitations period for filing a petition under section 2–1401 nor the normal due diligence requirement for such petitions are applicable where, as here, the judgment is attacked on the grounds that it is void. 
R.W. Sawant & Co. v. Allied Programs Corp.
, 111 Ill. 2d 304, 309-10 (1986); see
 In re Marriage of Steinberg
, 302 Ill. App. 3d 845, 856 (1998);
 Borcherding v. Anderson Remodeling Co
., 253 Ill. App. 3d 655, 659-60 (1993); 
Ottwell v. Ottwell
, 167 Ill. App. 3d 901, 909-10 (1988). Accordingly, there was no legal impediment to the Board’s reliance on section 2–1401 in seeking relief from the default judgment.

Turning then to the merits of the appeal, I would hold that the appellate court was correct in reversing the circuit court’s order. For the reasons given by the appellate court in its detailed and well-reasoned opinion, the Board was properly served, and the default judgment entered against it should not have been vacated. Accordingly, the judgment of the appellate court should be affirmed.

JUSTICE FREEMAN, also dissenting:

Although I believe that this court should address the merits of the appeal, I do so for reasons other than those expressed in the court’s analysis. I also disagree with the court’s conclusion regarding the propriety of service on the Board. Accordingly, I respectfully dissent.

Plaintiff filed a personal injury suit against the Board on January 28, 1988. The service return filed by the deputy sheriff of Cook County reveals that a copy of the summons and complaint was left with “the registered agent, authorized person or partner of the defendant.” The service return identifies that person as a “Chavez,” who was served on February 1, 1988. The Board never appeared in the action, and plaintiff obtained a default judgment on April 3, 1990.

No further action took place in the matter until plaintiff filed a petition to revive the judgment on August 25, 1997. The Board responded to the petition by filing a motion to vacate the 1990 judgment. In the motion, the Board contended that plaintiff had failed to serve the Board in accordance with section 2–211 of the Code of Civil Procedure. Discovery was conducted in the matter, and the parties briefed the issue. The circuit court ultimately granted the Board’s motion to vacate and ordered that an alias summons be served on the Board. Plaintiff appealed from the order.

On appeal to the appellate court, the Board maintained that the order vacating the judgment was not a final order for purposes of appeal. The appellate court disagreed, holding that it had jurisdiction to hear the appeal and that the circuit court erred in concluding that service in the case violated section 2–211 of the Code. 308 Ill. App. 3d 137. We granted the Board’s petition for leave to appeal. In this court, the Board renews its jurisdictional challenge, contending that the order plaintiff appealed from is not final for purposes of appeal.

The order in question in this case stems from the motion to vacate filed in the revival of judgment proceedings instituted by plaintiff. I note that at time plaintiff filed his petition, plaintiff could not enforce the 1990 judgment without first reviving it. See 735 ILCS 5/12–108 (West 1996) (prohibiting enforcement of judgments after the expiration of seven years). Thus, the jurisdictional question must be answered within the context of revival of judgment proceedings. 

Section 13–218 of the Code of Civil Procedure permits the revival of judgments. See 735 ILCS 5/13–218 (West 1996). According to the provision, judgments

“in a circuit court may be revived as provided by Section 2–1601 of this Act, within 20 years next after the date of such judgment and not after; and the provisions of Section 13–217 of this Act shall apply also to this Section.” 735 ILCS 5/13–218 (West 1996).

Section 2–1601 codifies the former writ of 
scire facias
, the common law method of reviving judgments. 735 ILCS 5/2–1601 (West 1996). Section 2–1601 provides that a party seeking to revive a judgment file a petition to that effect. See 735 ILCS 5/2–1601 (West 1996). The proceeding is not a new action, but rather is a continuation of the suit in which the judgment was originally entered. 
Bank of Edwardsville v. Raffaele
, 381 Ill. 486 (1942).

The only defense to an action for revival is either a denial of the existence of the judgment or proof of a subsequent satisfaction or discharge of the judgment. 
See 
Bank of Edwardsville
, 381 Ill. 2d at 486; 
Bank of Eau Claire v. Reed
, 232 Ill. 238 (1908); 
Dec v. Manning
, 248 Ill. App. 3d 341 (1993). These defenses must appear on the face of the record without references to any matters 
de hors
 the record. 
J.D. Court, Inc. v. Investors Unlimited, Inc.
, 81 Ill. App. 3d 131, 134 (1980).

Rather than deny the existence of the judgment or prove its subsequent satisfaction, the Board in this case filed a motion to vacate the judgment, arguing that service had been improper. Such a defense necessarily goes to matters 
de hors
 the record. As such, it must be raised in a collateral attack on the judgment. See 
Foreman v. Illinois Hair & Feather Co.
, 337 Ill. App. 147 (1949) (and cases cited therein). Thus, the Board’s motion to vacate was not a proper pleading in the revival action. The circuit court should have revived the judgment before reaching the merits of the question regarding the propriety of service.

A judgment of revival is binding until it is set aside. 23A Ill. L. & Prac. 
Judgments
 §479 (1979). The recognized effect of a revived judgment is to “revive the judgment as it formerly existed and to reinvest it with the same attributes and conditions which originally belonged to it.” 
Reed
, 232 Ill. at 241. Had the circuit court properly revived the judgment, thereby reinvesting it with the same attributes and conditions which originally belonged to it, the court would then have been able to review the Board’s motion to vacate within its proper procedural context.
(footnote: 1) A void judgment, order, or decree may be attacked at any time or in any court either directly or collaterally, without any showing of diligence or meritorious defense. 
R.W. Sawant & Co. v. Allied Programs Corp.
, 111 Ill. 2d 304, 309 (1986). Within the context of a revival proceeding, any order entered by the circuit court in response to the Board’s motion to vacate would have been a final order because it would have conclusively established the rights of the parties in the 1988 suit. For example, had the court denied the Board’s motion to vacate, the only act that remained for plaintiff would have been the execution of the judgment. Surely, the Board, in that instance, would have had the right to appellate review of the circuit court’s conclusion regarding the propriety of service. Likewise, had the court granted the Board’s motion, the effect of the order would have been to vacate the judgment. According to the Illinois revival statute, in such a case, plaintiff would have had the right to commence an entirely new suit against the Board. See 735 ILCS 5/13–218 (West 1996) (referring to section 13–217 of the Code). Surely, plaintiff would enjoy the right to appellate review of the circuit court’s determination that the original suit lacked jurisdiction before undertaking an entirely new proceeding.

Unfortunately, the circuit court in this case did not strictly follow the recognized the revival procedures. Instead of ordering plaintiff to file a new action pursuant to section 13–217, the court ordered that an alias summons be issued on the 1988 complaint, thereby creating the jurisdictional quagmire present in this case. What should have happened here is the following. The circuit court should have entered a judgment of revival on plaintiff’s petition. The court should then have proceeded to rule on the Board’s motion to vacate. That would have concluded the matter, and plaintiff could have taken an appeal without any jurisdictional barrier. In light of the foregoing, we could, in the present case, exercise our supervisory authority and order the circuit court to do the things that should have been done. However, there would be little point in our doing so because it is undoubtedly clear what the circuit court would do if it were to be given such an opportunity: The court would again hold that service was improper for the same reasons it expressed below. Thus, in my mind, little would be served by remanding the matter. Therefore, in the interests of judicial economy, I would invoke our supervisory authority and reach the merits of this case.

With respect to the merits, I, like the Chief Justice, agree with the well-reasoned opinion of the appellate court. For the reasons expressed therein, I believe that service in this case conformed to section 2–211. See 308 Ill. App. 3d at 148-52. Accordingly, I would affirm the judgment of the appellate court.

FOOTNOTES
1:     
1
I strongly question the majority’s conclusion that section 2–1401 is “not available to the Board as a remedy in this case.” Slip op. at 5. I believe that the majority reads this court’s case law in this area too narrowly. This court has never prohibited the use of 
section 2–1401 as a vehicle for vacating default judgments on voidness grounds. See 
R.W. Sawant & Co. v. Allied Programs Corp.
, 111 Ill. 2d 304, 309-10 (1986)
. In fact, there is authority for the use of section 2-1401 in this manner. See 
Slates v. International House of Pancakes, Inc.
, 90 Ill. App. 3d 716 (1980); Ill. Ann. Stat., ch. 110, par. 2–1401, Historical & Practice Notes, at 610 (Smith-Hurd 1985).